IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JEFFREY HARDY, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO.  2:21-cv-522-TFM-B |
| | : | |
| CITY OF SELMA, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is *Defendants Melton's and Van Diver's Motion to Dismiss with Incorporated Brief in Support.*  Doc. 12, filed January 18, 2022.  Defendants Darrio Melton, Sean Van Diver, and the City of Selma[1] request the Court dismiss the claims that are brought against Defendants Darrio Melton and Sean Van Diver that are stated in Plaintiffs Jeffrey Hardy, Toriano Neely, and Kendall Thomas's third amended complaint because those claims are barred by the applicable statute of limitations.  *Id.*  Having considered the motion, response, reply, sur-reply, and relevant law, the Court finds the motion to dismiss is due to be **GRANTED**.

## I.     JURISDICTION AND VENUE

The Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 (federal question) as Plaintiffs Jeffrey Hardy, Toriano Neely, and Kendall Thomas (the "Plaintiff Officers") bring claims pursuant to 42 U.S.C. § 1983.  Further, the Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the Plaintiff Officers' state-law claims.

---

[1] While Defendant City of Selma is not included in the title of the instant motion, in the body of the motion, it is named as one of the moving defendants.

The parties do not contest personal jurisdiction or venue, and there are adequate allegations to support both.

## II.    PROCEDURAL BACKGROUND

On January 15, 2019, Jeffrey Hardy, Toriano Neely, Kendall Thomas, and Carneetie Ellison (collectively, the "Original Plaintiffs") originally filed their Complaint for Declaratory and Injunctive Relief Pursuant to Code of Alabama 6-6-222 and Request for Damages (the "Complaint") in the Circuit Court of Dallas County, Alabama. Doc. 1-1 at 2-21. In the Complaint, the Original Plaintiffs sought from Defendant City of Selma ("the City") injunctive and equitable relief, including reinstatement and lost pay, pursuant to Ala. Code §§ 11-43-46 and 81. *Id.* 6-7.

On March 1, 2019, the City filed its motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), in which it argued the Plaintiff Officers-Hardy, Neely, and Thomas-failed to state a claim upon which relief could be granted. *Id.* at 35-40. On the same date, the City filed a separate motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), in which it argued Plaintiff Ellison failed to state a claim upon which relief could be granted. *Id.* at 67-72. On March 20, 2019, the Original Plaintiffs filed their first amended complaint as a matter of course pursuant to Fed. R. Civ. P. 12(a)(1)(B) in which they added claims for violation of their due process rights pursuant to the Alabama Constitution, wrongful termination, and breach of contract against the City. *Id.* at 98-107. On April 3, 2019, the City filed its motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), the first amended complaint in which it argued the Plaintiff Officers failed to state a claim upon which relief could be granted. *Id.* at 113-20. On the same date, the City filed a separate motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), the first amended complaint in which it argued Plaintiff Ellison failed to state a claim upon which relief could be granted. *Id.* at 153-60. The Original Plaintiffs filed their oppositions to the City's motion to dismiss the first amended complaint. *Id.*

at 188-92, 197-201. The state circuit court set the motion to dismiss the first amended complaint for a hearing and eventually denied the motion. *Id.* at 206, 211, 340.

Before the hearing, on June 27, 2019, Plaintiff Ellison filed her second amended complaint in which she added as defendants Darrio Melton and Sean Van Diver and added claims for retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended by the 1991 Civil Rights Act ("Title VII"); violation of the Due Process Clause of the Fourteenth Amendment; sexual harassment, sexual discrimination, and a hostile work environment in violation of Title VII; violation of the right to freedom of political association pursuant to the First and Fourteenth Amendments; and wrongful termination. *Id.* at 216-31. On July 9, 2019, Plaintiff Ellison filed a consent motion to dismiss without prejudice her claims pursuant to Ala. R. Civ. P. 41(a) in which she stated the parties agreed she would amend her complaint in the pending litigation in the United States District Court for the Middle District of Alabama to consolidate her state-court claims with her pending federal case. *Id.* at 258-60. The state circuit court granted Plaintiff Ellison's request. *Id.* at 269.

On September 13, 2019, the City filed its answer to the complaint and first amended complaint. *Id.* at 347-53.

On December 23, 2019, the Plaintiff Officers filed their motion to stay in which they requested the state circuit court stay discovery in the matter pending the outcome of the criminal actions against them. *Id.* at 383-88. Over the City's objection to the motion to stay, the state circuit court granted the motion on February 6, 2020. *Id.* at 395-98, 416. On August 16, 2021, the Plaintiff Officers filed their motion to lift stay in which they requested the state court lift the stay in the matter because the criminal actions that were brought against each of them were dismissed with prejudice. *Id.* at 480-84. The state court granted the motion to lift stay. *Id.* at 617.

On August 28, 2021, the Plaintiff Officers filed a motion to amend in which they requested the Court allow them to file their third amended complaint and filed a revised motion to amend, the next day. *Id.* at 548-50, 572-74. The state court granted the motion to amend and the Plaintiff Officers filed their third amended complaint on November 29, 2021. *Id.* at 626, 635. In the Plaintiff Officers' third amended complaint, they bring claims against the City, Darrio Melton, and Sean Van Diver ("Defendants") for violation of the Due Process Clause of the Fourteenth Amendment, wrongful termination, and breach of contract. *Id.* at 635-48.

On December 2, 2021, the City removed this matter to this Court based on the Plaintiff Officers' claims that arise under "the Constitution, laws, or treaties of the United States" Doc. 1 at 2; 28 U.S.C. § 1331. Further, the City states this Court has supplemental jurisdiction of the Plaintiff Officers' state-law claims. *Id.* On December 9, 2021, the City filed its answer to the third amended complaint. Doc. 6. On January 18, 2022, Defendants filed the instant motion to dismiss for which the Court entered a briefing schedule. Docs. 12, 13. The Plaintiff Officers and Defendants timely filed their response and reply, respectively, and with the Court's leave, the Plaintiff Officers filed a sur-reply. Docs. 18, 19, 21, 28. The Court finds oral argument unnecessary to resolve the issues that are raised in the motion to dismiss, and therefore, the motion is ripe for adjudication.

### III.   STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a complaint on the basis that the plaintiff has failed to state a claim upon which relief may be granted. *See* FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.

Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' [*Twombly*, 550 U.S.] at 570, 127 S. Ct. [at] 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556, 127 S. Ct. [at] 1955."). Since a Fed. R. Civ. P. 12(b)(6) motion questions the legal sufficiency of a complaint, in assessing the merits of the motion, the court must assume that all the factual allegations set forth in the complaint are true. *See, e.g., United States v. Gaubert*, 499 U.S. 315, 327, 111 S. Ct. 1267, 1276, 113 L. Ed. 2d 335 (1991); *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990); *but see also Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1955) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, all factual allegations shall be construed in the light most favorable to the plaintiff. *See, e.g., Brower v. County of Inyo*, 489 U.S. 593, 598, 109 S. Ct. 1378, 1382, 103 L. Ed. 2d 628 (1989). Obviously, therefore, a district court may not resolve factual disputes when adjudicating a motion to dismiss. *Page v. Postmaster Gen. and Chief Exec. Officer of the U.S. Postal Serv.,* 493 F. App'x 994, 995 (11th Cir. 2012) (citing, among other cases, *Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir. 1990) (per curiam), for the proposition that, under Fed. R. Civ. P. 12(b)(6), the existence of disputed material facts precludes a district court from granting a motion to dismiss). "'When considering a motion to dismiss . . . the court limits its consideration to the pleadings and all exhibits attached thereto.'" *Thaeter v. Palm Beach Cnty. Sheriff's Office,* 449 F.3d 1342, 1352 (11th Cir. 2006) (quoting *Grossman v. Nationsbank, N.A.,* 225 F.3d 1228, 1231 (11th Cir. 2000) (per curiam)); *see also Reese v. Ellis,*

*Painter, Ratterree & Adams, LLP,* 678 F.3d 1211, 1215-16 (11th Cir. 2012) ("Because the Ellis law firm's dunning letter and enclosed documents were attached to the Reeses' complaint as an exhibit, we treat them as part of the complaint for [Fed. R. Civ. P.] 12(b)(6) purposes.").

### III.     DISCUSSION AND ANALYSIS

Defendants argue the Plaintiff Officers' claims for violation of 42 U.S.C. § 1983 and, to the extent it is claimed, wrongful termination against Defendants Melton and Van Diver are barred by the applicable statute of limitations. Doc. 12. The Plaintiff Officers argue Defendants Melton and Van Diver were properly named as defendants in the third amended complaint pursuant to Ala. R. Civ. P. 15(a), which states "a party may amend a pleading without leave of court . . . at any time more than fort-two (42) days before the first setting of the case for trial." Doc. 18 at 7-9; ALA. R. CIV. P. 15(a). The Plaintiff Officers argue the state circuit court granted them leave to file their third amended complaint in which Defendants Melton and Van Diver were named as parties and, at the time of removal, this matter was not set for trial. Doc. 18 at 7-9. Further, the Plaintiff Officers argue their third amended complaint relates back to their original complaint, both under Alabama and federal law, because Defendants Melton and Van Diver were provided fair notice of the potential claims against them by the Plaintiff Officers' original complaint. *Id.* at 9-14. Finally, the Plaintiff Officers argue Fed. R. Civ. P. 15(a)(2) instructs "[t]he court should freely give leave when justice so requires" and none of the factors that would militate the amendment of their complaint – undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party – are present in this case. *Id.* at 14-16; FED. R. CIV. P. 15 (a)(2).

> A statute of limitations bar is "an affirmative defense, and . . . plaintiffs [are] not required to negate an affirmative defense in [their] complaint." *Tregenza v. Great [Am. Commc'ns] Co.*, 12 F.3d 717, 718 (7th Cir. 1993). Not surprisingly, **our cases say that a Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate**

> ***only if it is "apparent from the face of the complaint" that the claim is time-barred.*** *See Omar* [*v. Lindsey*], 334 F.3d [1246,] 1251 [(11th Cir. 2003)]; *Carmichael v. Nissan Motor Acceptance Corp.*, 291 F.3d 1278, 1279 (11th Cir. 2002). *Accord In re* [*Se.*] *Banking Corp.,* 69 F.3d 1539, 1551 (11th Cir. 1995) ("For better or worse, the Federal Rules of Civil Procedure do not permit district courts to impose upon plaintiffs the burden to plead with the greatest specificity they can.").

*La Grasta v. First Union Sec., Inc.,* 358 F.3d 840, 845-46 (11th Cir. 2004) (reversing dismissal and stating "on this record, it is not apparent on the face of the complaint that the securities fraud claim is time-barred") (emphasis added).

In this case, Defendants Melton and Van Diver were first named as parties in this action in the Plaintiff Officers' third amended complaint, the original motion to amend for which was filed on August 28, 2021, then granted on November 17, 2021, and the third amended complaint was filed on November 29, 2021. Doc. 1-1 at 548-50, 572-74, 626, 635-48. In the Plaintiff Officers' third amended complaint, they claim on November 2, 2018, the Selma Police Chief wrote to each of them they were, effective immediately, placed on unpaid administrative leave, which is when the Plaintiff Officers claim they were constructively discharged. Doc. 1-2 at 5, 8. The Plaintiff Officers bring their claims pursuant to 42 U.S.C. § 1983. *Id.* at 4. The applicable statute of limitations for § 1983 claims is the forum state's general or residual statute of limitations for personal injury actions. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992). In Alabama, the statute of limitations for a personal injury actions is two (2) years. *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008); ALA. CODE 6-2-38(l).

> In Section 1983 cases, "'the statute [of limitations] does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" *Calhoun v. Ala. Alcoholic Beverage Control Bd.*, 705 F.2d 422, 425 (11th Cir. 1983) (quoting *Reeb. V. Econ. Opportunity Atlanta, Inc.*, 516 F.2d 924, 930 (5th Cir. 1975)). Thus Section 1983 actions do not accrue until the plaintiff knows or has reason to know

> that he has been injured. *Calhoun*, 705 F.2d at 424; *Rubin*, 621 F.2d at 116; *Lavellee*, 611 F.2d at 1131. Nor will a Section 1983 action accrue until the plaintiff is aware or should have been aware who has inflicted the injury. *Lavellee*, 611 F.2d at 1131 (quoting *United States v. Kubrick*, 444 U.S. 111, 100 S. Ct. 352, 62 L. Ed. 2d 259 (1979)).

*Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987); *see also McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) (explaining *Mullinax* "has long been the law of this Circuit" for § 1983 actions).

Two (2) years from the date when each of the Plaintiff Officers knew or had reason to know they were injured, November 2, 2018, when they were placed on unpaid administrative leave, was November 3, 2020.[2] The earliest date that the Plaintiff Officers brought their claims against Defendants Melton and Van Diver was August 28, 2021, when they filed their motion to amend and file their third amended complaint. Based on the Plaintiff Officers' allegations in their third amended complaint, their claims that are brought pursuant to § 1983 against Defendants Melton and Van Diver are barred by the applicable statute of limitations and those claims should be dismissed with prejudice.

As to the Plaintiff Officers' relation back argument, Fed. R. Civ. P. 15(c) governs whether their third amended complaint relates back to their original complaint, and if it does, the applicable statute of limitations would not bar their claims against Defendants Melton and Van Diver. *See Makro Cap. of Am., Inc. v. UBS AG*, 543 F.3d 1254, 1258 (11th Cir. 2008) ("Rule 15 identifies two possible ways in which an amended pleading can relate back to an earlier pleading, thus allowing it to adopt the latter's filing date and not be time-barred by statutes of limitations or similar provisions."). "[Fed. R. Civ. P. 15] mandates relation back once the Rule's requirements

---

[2] For a federal period of limitations, "exclude the day of the event that triggers the period." FED. R. CIV. P. 6(a)(1)(A).

are satisfied; it does not leave the decision whether to grant relation back to the district court's equitable discretion." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 553, 130 S. Ct. 2485, 177 L. Ed. 2d 48 (2010). Fed. R. Civ. P. 15(c) provides:

> (c) Relation Back of Amendments.
>
> (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> >
> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

FED. R. CIV. P. 15(c).

> [Fed. R. Civ. P.] 15 identifies two possible ways in which an amended pleading can relate back to an earlier pleading . . . . First, relation back is permitted when the law imposing the statute of limitations itself permits relation back. *See* FED. R. CIV. P. 15(c)(1)(A). Second, a pleading would relate back if it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." FED. R. CIV. P. 15(c)(1)(B). However, Rule 15 imposes an additional requirement for pleadings in this second group that also involve a change in the party against whom the claim is asserted. *See* FED. R. CIV. P. 15(c)(1)(C). In order for pleadings in that subgroup to relate back, the party being added must have "(i) received such notice of the action that it will not be prejudiced in defending on the merits . . . and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." *Id.* Such pleadings also meet the common transaction or occurrence test of Rule 15(c)(1)(B). *See id.*

*Makro Capital of Am.*, 543 F.3d at 1258 (footnote omitted).  "[W]hen an amendment seeks to change a party against whom a claim is asserted, as opposed to changing merely the allegations set forth in the pleading, the relation back rule is more stringent." *Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1131 (11th Cir. 2004).

As to whether the Plaintiff Officers' third amended complaint meets the common transaction or occurrence test of Fed. R. Civ. P. 15(c)(1)(B), the Court's review of the original complaint and the third amended complaint shows the two pleadings allege substantially the same core facts out of which their claims against Defendants Melton and Van Diver arose.  *Compare* Doc. 1-1 at 4-6 *with* Doc. 1-2 at 4-7.

As to whether Defendants Melton and Van Diver within ninety (90) days of the filing of the original complaint received notice such that they will not be prejudiced, pursuant to Fed. R. Civ. P. 15(c)(1)(C)(i), the Supreme Court has stated Fed. R. Civ. P. 15(c)(1) generally "asks what the prospective defendant knew or should have known during the Rule 4(m) period, not what the plaintiff knew or should have known at the time of filing her original complaint." *Krupski*, 560 U.S. at 548.  While Defendants Melton and Van Diver were mentioned in the original complaint, such does not impute knowledge that the Plaintiff Officers would bring claims against them.

However, attached to the original complaint are three (3) letters that were sent by the Plaintiff Officers' counsel.  The first letter is dated October 1, 2018, and was addressed to, among others, Defendants Melton and Van Diver, in which the Plaintiff Officers' counsel requested they reinstate the Plaintiff Officers and retract defamatory comments about the Plaintiff Officers' administrative leave and possible criminal charges against them.  Doc. 1-1 at 9-10.  The second letter is dated November 29, 2018, and is addressed to Defendant Van Diver, in which the Plaintiff Officers' counsel demanded they receive a proper hearing with the City's Personnel Board, receive

copies of certain rules and policies, and be reinstated and fully compensated for their losses. Doc. 1-1 at 18-19. The third letter is dated December 6, 2018, and is addressed to Defendant Van Diver, with Defendant Melton carbon copied, in which the Plaintiff Officers' counsel advised the Plaintiff Officers would "file suit against the City naming each City officer and individual responsible for violating the employee's constitutional rights" if Defendant Van Diver did not schedule a hearing with the City's Personnel Board to hear the Plaintiff Officers' appeals. Doc. 1-1 at 20-21. Therefore, Defendants Melton and Van Diver should have been on notice of the Plaintiff Officers' claims against them during the Fed. R. Civ. P. 4(m) period to such a degree that Defendants Melton and Van Diver will not be prejudiced in defending the claims on the merits.

Since the Court found Defendants Melton and Van Diver received sufficient notice of the Plaintiff Officers' claims against them, the Court will not address, and the Court is not required to address, the Plaintiff Officers' "identity of interest" argument that they present in their sur-reply, since it only relates to notice pursuant to Fed. R. Civ. P. 15(c)(1)(C)(i). *See Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005) ("As we repeatedly have admonished, arguments raised for the first time in a reply brief are not properly before a reviewing court." (citations and internal quotation marks omitted)).

Finally, as to whether Defendant Melton and Van Diver within ninety (90) days of the filing of the original complaint knew or should have known the action would have been brought against them but for a mistake as to the proper party's identity, pursuant to Fed. R. Civ. P. 15(c)(1)(C)(ii), the Supreme Court stated the relevant inquiry is "what the prospective defendant reasonably should have understood about the plaintiff's intent in filing the original complaint against the first defendant." *Krupski*, 560 U.S. at 554, 130 S. Ct. at 2496. Here, there is not a mistake as to a party's identity since Defendants Melton and Van Diver were mentioned in the

original complaint. *See Powers v. Graff*, 148 F.3d 1223, 1227 (11th Cir. 1998) ("Even the most liberal interpretation of 'mistake' cannot include a deliberate decision not to sue a party whose identity [the] plaintiff knew from the outset." (citation and internal quotation marks omitted)).  In the original complaint, the Plaintiff Officers brought claims for injunctive and equitable relief against the City.  Defendants Melton and Van Diver would not have reasonably understood the Plaintiff Officers intended to bring claims against them in their individual capacities for constitutional violations.  *See Colvin v. McDougall*, 62 F.3d 1316, 1318 (11th Cir. 1995) ("We stress as much as we can that the difference between an official capacity suit and an individual capacity suit is a big difference." (citation omitted)).  Therefore, the Plaintiff Officers have not established their third amended complaint relates back to the filing of their original complaint under Fed. R. Civ. P. 15(c)(1)(C).

> However, Fed. R. Civ. P. 15(c)(1)(A)
>
> Incorporates the relation-back rules of the law of a state when the state's law provides the applicable statute of limitations.  As a result, if an amendment relates back under the law that provides the applicable statute of limitations, that amendment relates back under Rule 15(c)(1)[(A)] even if the amendment would not relate back under the federal law rules.

*Saxton v. ACF Indus., Inc.*, 254 F.3d 959, 962-63 (11th Cir. 2001).  Where state "law affords a more forgiving principle of relation back than the one provided in [Fed. R. Civ. P. 15(c)(1)(B)-(C)], it should be available to save the claim." *Id.* at 962 (quoting FED. R. CIV. P. 15(c)(1) advisory committee's note to 1991 amendment).  Here, the applicable statute of limitations for § 1983 claims is based on Alabama's statute of limitations for personal-injury actions, so the Court must analyze whether the Plaintiff Officers' claims relate back under Alabama's relation-back rules.

> Ala. R. Civ. P. 15(c) provides:
>
> (c)   Relation back of amendments.  An amendment of a pleading relates back to the date of the original pleading when

(1)   relation back is permitted by the law that provides the statute of limitations application to the action, or

(2)   the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, except as may be otherwise provided in Rule 13(c) for counterclaims maturing or acquired after pleading, or

(3)   the amendment, other than one naming a party under the party's true name after having been initially sued under a fictitious name, changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the applicable period of limitations or one hundred twenty (120) days of the commencement of the action, whichever comes later, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party, or

(4)   relation back is permitted by principles applicable to fictitious party practice pursuant to Rule 9 (h).

ALA. R. CIV. P. 15(c)(1)-(4).

Here, the Court need only focus on Ala. R. Civ. P. 15(c)(3) as it applies to the Plaintiff Officers' third amended complaint, but the amendment cannot relate back under that Rule because the Court found it does not relate back under the Federal Rules of Civil Procedure. *See Borders v. City of Huntsville*, 875 So. 2d 1168, 1176 n.2 (Ala. 2003) ("Federal cases are authoritative in construing the Alabama Rules of Civil Procedure because the Alabama rules were patterned after the Federal Rules of Civil Procedure." (citation omitted)).  The Court finds any differences between the Fed. R. Civ. P. 15(c)(1)(C) and its counterpart, Ala. R. Civ. P. 15(c)(3), are immaterial to the Court's analysis.  Therefore, the Court finds the Plaintiff Officers' third amended complaint does not relate back to the filing of their original complaint under Ala. R. Civ. P. 15(c)(3), and the Plaintiff Officers' § 1983 claims against Defendants Melton and Van Diver are time-barred under the applicable statute of limitations.

## IV. CONCLUSION

Accordingly, Defendants Melton's and Van Diver's Motion to Dismiss with Incorporated Brief in Support (Doc. 12) is **GRANTED** and Plaintiffs Jeffrey Hardy, Toriano Neely, and Kendall Thomas's claims against Defendants Darrio Melton and Sean Van Diver are **DISMISSED with prejudice**.

**DONE** and **ORDERED** this 2nd day of August 2022.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE