IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JEFFREY HARDY, *et al.*,          *
                                   *
          Plaintiffs,              *
                                   *
vs.                                *  CIVIL ACTION NO. 21-00522-TFM-B
                                   *
CITY OF SELMA,                     *
                                   *
          Defendant.               *

## REPORT AND RECOMMENDATION

The Court's Order entered on August 29, 2022 (Doc. 81) is hereby modified with respect to Defendant City of Selma's Motion to Dismiss Plaintiffs Neely and Thomas's Claims with Prejudice (Doc. 66).[1] Because Defendant's motion seeks dispositive relief, the motion must be evaluated in accordance with 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(S). The motion has been fully briefed, and a discovery conference was conducted on August 19, 2022. During the conference, counsel for the parties clarified the discovery issues that remain in dispute and offered argument on their respective positions. Upon consideration, the undersigned **RECOMMENDS** that Defendant's motion be **DENIED** to the extent it seeks the dismissal or preclusion of any of Plaintiffs

---

[1] The undersigned's rulings and directives with respect to Plaintiffs' Motion to Compel Defendant to Respond to Plaintiffs' Discovery (Doc. 67) is not affected by the instant Report and Recommendation.

Neely and Thomas's claims.  The Court's rulings and directives on the discovery matters addressed at the August 19, 2022 discovery conference, as set forth in the Order dated August 29, 2022 (Doc. 81), remain in effect.

## I.   **BACKGROUND**

In its motion to dismiss, filed on July 19, 2022, Defendant City of Selma asserted that Plaintiffs Toriano Neely and Kendall Thomas had repeatedly failed or refused to produce tax and financial documents relating to their businesses, in violation of the Court's order for Neely and Thomas to produce such documents no later than May 24, 2022.[2]  (Doc. 66 at 3).  Defendant stated that the documents are directly relevant to Plaintiffs' claims for

---

[2] In an order dated May 11, 2022, the undersigned directed as follows:

> Turning next to Defendant's oral motion to compel Plaintiffs Toriano Neely and Kendall Thomas to fully respond to subpoenas served on Thomas Painting and Remodeling, K & J Transport LLC, Neely Photography, and Neely Freight, the undersigned finds, for the reasons stated on the record, that the oral motion is due to be **GRANTED.**  Thomas Painting and Remodeling, K & J Transport LLC, Neely Photography, and Neely Freight are companies or enterprises that are substantially owned and operated by either Plaintiff Neely or Thomas.  The subpoenas request financial information such as tax returns and payroll records for the period 2017 through 2019. The requested documents are relevant to Plaintiffs Neely and Thomas' claims for lost wages and earnings. Accordingly, Plaintiffs Neely and Thomas are directed to tender the tax and payroll records for the above-referenced entities no later than **May 24, 2022.**

(See Doc. 56 at 2).

back pay and the issue of Plaintiffs' mitigation of damages, and Defendant alleged that Plaintiffs' continued failure to produce the records had substantially prejudiced its ability to defend against Plaintiffs' claims. (Id. at 5). Defendant contended that Plaintiffs' violation of the Court's order and their repeated failures to comply with discovery procedures merited dismissal of their claims with prejudice under Rules 37(b) and 41(b) of the Federal Rules of Civil Procedure. (Id. at 6-8). As an alternative to dismissal, Defendant argued that Plaintiffs Neely and Thomas should be barred from asserting any claims for lost income. (Id. at 8).

At the discovery conference, counsel for the City of Selma asserted that Defendant has repeatedly requested business records for the various businesses that Plaintiffs purportedly own and/or operate, but Plaintiffs have represented that they have no such records within their custody or control. Defendant has also requested that Plaintiffs execute releases that will allow Defendant to obtain Plaintiffs' state income tax records, as well as a release for their Social Security records, since those records bear on earnings and benefits Plaintiffs have received since being placed on leave without pay by the City of Selma. Counsel for Plaintiffs raised no objection to the relevancy of the requested documents or releases, but counsel represented that Plaintiffs have none of the requested tax and financial records within their

custody or control.  Counsel advised that all three Plaintiffs have executed releases for their federal tax records, that Plaintiffs Neely and Thomas have executed releases for their state tax records, and that Plaintiff Hardy has executed a release for records pertaining to his application for disability with the Social Security Administration.

## II.  **DISCUSSION**

Rule 41(b) authorizes a district court, "on defendant's motion, to dismiss an action for failure to prosecute or to obey a court order or federal rule."  Manning v. Ga. Med. Billing Specialists, Inc., 2005 U.S. Dist. LEXIS 50632, at *2, 2005 WL 1638369, at *1 (S.D. Ga. July 12, 2005) (citing Fed. R. Civ. P. 41(b); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985)). Dismissal of an action under Rule 41(b) is appropriate when there is a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice."  Goforth, 766 F.2d at 1535 (quotation omitted); see also Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993) (reversing dismissal under Rule 41(b) where the record did not support a finding of willful delay or willful disobedience of court orders); Hildebrand v. Honeywell, Inc., 622 F.2d 179, 181 (5th Cir. 1980).[3]  The rule makes clear that a trial

_____

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

court has discretion to impose sanctions, including dismissal, on a party who fails to adhere to court rules. See Fed. R. Civ. P. 41(b); Goforth, 766 F.2d at 1535. However, that discretion is not unlimited, and the undersigned is mindful that dismissal with prejudice "is a sanction of last resort, applicable only in extreme circumstances, and generally proper only where less drastic sanctions are unavailable." McKelvey v. AT & T Technologies, Inc., 789 F.2d 1518, 1520 (11th Cir. 1986) (per curiam). Indeed, the Eleventh Circuit has instructed that a "finding of such extreme circumstances necessary to support a sanction of dismissal must, at a minimum, be based on evidence of willful delay[.]" Id. "A party's simple negligence or other action grounded in a misunderstanding of a court order does not warrant dismissal." EEOC v. Troy State Univ., 693 F.2d 1353, 1357 (11th Cir. 1982). Moreover, the record must also support a finding "that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1339 (11th Cir. 2005) ("Our case law has articulated with crystalline clarity the outer boundary of the district court's discretion in these matters: dismissal with prejudice is plainly improper unless and until the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct.").

Based upon the record before the Court, the undersigned finds that it does not support an involuntary dismissal under Rule 41(b).

Defendant has not demonstrated willful delay by Plaintiffs or that a less drastic sanction would not suffice. See id. Accordingly, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss Plaintiffs Neely and Thomas's Claims with Prejudice (Doc. 66) be **DENIED**. However, given that counsel for the parties all agree that the requested financial records are discoverable, the undersigned's directives for Plaintiff Hardy to tender an executed release for his state tax records, and for Plaintiff Neely to tender an executed release for records pertaining to his application for disability with the Social Security administration, no later than September 2, 2022, remain in effect. (See Doc. 81 at 2).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to the undersigned's recommendation that the City's motion to dismiss be denied must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the

district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **30th** day of **August, 2022.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**
