### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| JEFFREY HARDY, *et al.*, | : | |
| Plaintiffs, | : : | |
| v. | : | CIVIL ACTION NO. 2:21-cv-522-TFM-B |
| CITY OF SELMA, *et al.*, | : : | |
| Defendants. | : : | |

### ORDER

Pending before the Court the *Motion to File Motion to Enforce Settlement Under Seal.* Doc. 104, filed January 26, 2023. Defendant City of Selma requests the Court allow it to file under permanent seal its Motion to Enforce Settlement because the motion may expose confidential information. *Id.*

"The operations of courts and the judicial conduct of judges are matters of utmost public concern." *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839, 98 S. Ct. 1535, 1541, 56 L. Ed. 2d 1 (1978)). "The common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process. *Romero v. Drummond Co.,* 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001)). "What happens in the halls of government is presumptively public business. Judges deliberate in private, but issue public decisions after public arguments based on public records." *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000). The common-law right of access favors access to judicial records and includes "the right to inspect and copy public records and documents." *Chicago Tribune*, 263

F.3d at 1311.  However, the right is not absolute.  *Id*.  It does not apply to discovery, and where it does apply, it may be overcome by a showing of good cause.  *Romero*, 480 F.3d at 1245.

"[M]aterial filed with discovery motions is not subject to the common-law right of access, whereas discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right."  *Chicago Tribune*, 263 F.3d at 1311-12.  "[T]he need for public access to discovery is low because discovery is 'essentially a private process . . . the sole purpose of which is to assist trial preparation.'"  *Romero*, 480 F.3d at 1245 (quoting *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986)).  In short, the distinction lies in the comparison of "material filed with discovery motions and material filed in connection with more substantive motions."  *Chicago Tribune*, 263 F.3d at 1312.  By way of an example, attachments to a motion to compel are not subject to the common-law right, whereas attachments to pretrial motions which require judicial resolution on the merits are subject to the common-law right.  In the latter category, one may only overcome the common-law right by a showing of good cause.  *Romero*, 480 F.3d at 1246.  This standard parallels the "good cause" standing of Fed. R. Civ. P. 26(c) governing protective orders.  The good cause "standard requires the district court to balance the party's interest in obtaining access against the other party's interest in keeping the information confidential."  *Chicago Tribune*, 263 F.3d at 1313.  When considering that balancing test, the *Romero* Court stated as follows:

> In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246.

"[T]he judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it).  He may not rubber stamp a stipulation to seal the record."  *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999) (citations omitted).

Defendant City of Selma's Motion to File Motion to Enforce Settlement Under Seal (Doc. 104) is hereby **PROVISIONALLY GRANTED** and the parties are **ORDERED** to file by **February 7, 2023**, any brief in support of, or opposition to, the motion that addresses the *Chicago Tribune* factors.  Further, any response from Plaintiffs Jeffrey Hardy, Toriano Neely, and Kendall Thomas to the Motion to Enforce Settlement is due by **February 7, 2023**.

**DONE** and **ORDERED** this 30th day of January 2023.

>     /s/ Terry F. Moorer
>     TERRY F. MOORER
>     UNITED STATES DISTRICT JUDGE