# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **JEFFREY HARDY,** *et al.*, | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
| v. | )    CIVIL ACT. NO.  2:21-cv-522-TFM-B |
| | ) |
| **CITY OF SELMA,** | ) |
| | ) |
|     **Defendant.** | ) |

## **ORDER**

Pending before the Court is the *Motion for Substitution*.  Doc. 209, filed December 27, 2023.  Sharon Hardy, as the personal representative of the estate of Jeffrey Hardy, moves the Court substitute her as a plaintiff in this matter instead of Plaintiff Jeffrey Hardy.  *Id.*  The Court orally granted the motion for substitution on January 26, 2024, after a hearing at which the Court stated its written order for the motion would follow.  Doc. 211.  This is that order.

On October 23, 2023, a suggestion of death of Jeffrey Hardy was filed.  Doc. 200.  On December 27, 2023, Sharon Hardy filed her instant motion to which she attached a "Decree Granting Letters of Administration" and "Letters of Administration" that were both issued by the Probate Court of Dallas County, Alabama on December 15, 2023.  Docs. 209-1, 209-2.  The documents appointed Sharon Hardy the personal representative of the estate of Jeffrey Hardy.  *Id.*  The Court set the motion for substitution for a hearing via video teleconference that was held on January 26, 2024, at which counsel for Defendant City of Selma ("Defendant") stated Defendant did not object to the motion and the Court orally granted the motion.  *See* Docs. 210, 211.

Fed. R. Civ. P. 25(a)(1) states:

> If a party dies and the claim is not extinguished, the court may order substitution of the *proper party*.  A motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion is not made within 90 days

after service of a statement noting the death, the action by or against the decedent must be dismissed.

"Courts have 'uniformly' held that although Rule 25(a) refers to substitution of the 'proper party,' the rule 'applies only to the substitution of legal representatives.'" *Odom v. Coastal States Auto Grp. Mgmt., LLC*, Civ. Act. No. CV420-264, 2022 U.S. Dist. LEXIS 144412, at *1-2, 2022 WL 3346558, at *1 (S.D. Ga. Aug. 12, 2022) (quoting 7C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1956 (3d ed. 2008)).

Who acts as a successor or representative of Jeffrey Hardy is a legal determination that must be made by an Alabama state court. *See Henderson v. Briarcliff Nursing Home*, 451 So. 2d 282, 283-84 (Ala. 1984) ("The term 'personal representative' includes an 'executor, administrator, successor personal representative, special administrator, and persons who perform substantially the same function under the law governing their status.' . . . Such a status is judicially conferred, and only upon one first found to be a fit person to serve." (internal citations omitted)). The Alabama Probate Code defines a "personal representative" as an "executor, administrator, successor personal representative, special administrator, and persons who perform substantially the same function under the law governing their status." ALA. CODE § 43-8-1(24).

> State law controls the opening of an estate. In Alabama, where [the decedent] lived and passed away, if a will has been admitted to probate the judge of that court may issue letters testamentary to the persons named as the executor in such a will. ALA. CODE § 43-2-20. If the will fails to name an executor, or the named executors fail to apply within 30 days of probate, the residuary and principal legatees are entitled to letters of administration. ALA. CODE § 43-2-27. If the residual or principal legatee fails to apply for letters of administration or are otherwise unqualified, then the court should grant letters of administration as in a case of intestacy. *Id.*
>
> If a person dies intestate, then courts may grant letters of administration to a person willing to accept in the following order:
>
> (1) The husband or widow;
> (2) The next of kin entitled to share in the distribution of the estate;
> (3) The largest creditor of the estate residing in this state;

> (4) Any other person as the judge of probate may appoint.
>
> ALA. CODE § 43-2-42(a). The persons listed in subsections (1)-(3) have priority to apply for letters of administration within forty (40) days after the death of the intestate is known, following that fort-day period those persons are determined to have relinquished their right. ALA. CODE § 43-2-43.

*Carruth v. Smyth*, Civ. Act. No. 7:15-cv-1089-LSC, 2018 U.S. Dist. LEXIS 21531, at *7-8, 2018 WL 804272, at *3 (N.D. Ala. Feb. 9, 2018).

In this case, on December 15, 2023, Sharon Hardy was granted letters of administration with bond and named personal representative of the estate of Jeffrey Hardy by the Probate Court of Dallas County, Alabama. Docs. 209-1, 209-2. As such, Sharon Hardy is a proper party who may be substituted as plaintiff instead of Jeffrey Hardy in this matter.

Therefore, in accordance with the Court's oral order, effective January 26, 2024 (Doc. 211), the Motion for Substitution (Doc. 209) is **GRANTED**, and Sharon Hardy, as Personal Representative of the Estate of Jeffrey Hardy, is **SUBSTITUTED** as the plaintiff in this matter in the place of Jeffrey Hardy.

**DONE** and **ORDERED** this the 22nd day of August 2024.

                                                    s/Terry F. Moorer
                                                    TERRY F. MOORER
                                                    UNITED STATES DISTRICT JUDGE