## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| SHARON HARDY, as personal representative of the estate of Jeffrey Hardy, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACT. NO.  2:21-cv-522-TFM-B |
| CITY OF SELMA, | ) ) | |
| Defendant. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court are many post-trial motions: (1) *Plaintiffs' Motion for Equitable Relief: Reinstatement or Front Pay* (Doc. 193, filed September 15, 2023); (2) *Plaintiffs' Amended Motion for Prejudgment Interest* (Doc. 213, filed January 30, 2024); and (3) *Plaintiffs' Motion for Equitable Relief Annual Leave, Sick Leave and Retirement* (Doc. 198, filed October 13, 2023).

In the first post-trial motion, Plaintiffs motion the Court award them equitable relief in the form of reinstatement or, in the alternative, front pay.  Doc. 193.  Defendant City of Selma filed a response in opposition.  Doc. 195.  Having considered the motion, response, and relevant law, the motion is **GRANTED in part and DENIED in part**.

In the second post-trial motion, Plaintiffs motion the Court award each prejudgment interest for the damage awards that were returned by the jury.  Doc. 213.  Defendant City of Selma filed a response in opposition.  Doc. 216.  Having considered the motion, response, and relevant law, the motion is **GRANTED in part and DENIED in part**.

In the third post-trial motion, Plaintiffs motion the Court award them equitable relief for annual leave, sick leave, and retirement credit that they would have accrued had they not been

placed on unpaid administrative leave by Defendant City of Selma.  Doc. 198.  Defendant City of Selma filed a response in opposition.  Doc. 217.  Having considered the motion, response, and relevant law, the motion is **DENIED**.

## I.    PROCEDURAL BACKGROUND

The procedural background of this matter was summarized in the Court's June 9, 2023 Memorandum Opinion and Order then updated in the Court's August 23, 2024 Memorandum Opinion and Order.  Docs. 126, 221.

Having resolved Defendant City of Selma's ("Defendant" or "the City") motion for judgment as a matter of law and Plaintiffs Jeffrey Hardy ("Hardy"), Toriano Neely ("Neely"), and Kendall Thomas ("Thomas") (collectively, "Plaintiffs") oral motion for judgment as a matter of law, the Court now turns its attention to the post-trial motions, which are ripe for review, and the Court finds oral argument unnecessary.

## II.    DISCUSSION AND ANALYSIS

### A.    Plaintiffs' Motion for Equitable Relief: Reinstatement or Front Pay (Doc. 193)

Plaintiffs motion the Court award each equitable relief in the form of reinstatement or, in the alternative, front pay.  Doc. 193.  Plaintiffs also request the Court award them lost pension benefits or credit as part of any front pay award as well as in addition to the jury's damages award, which encompassed the period when Plaintiffs were placed on unpaid administrative leave until the jury rendered its verdict.  *Id.* at 6-7.  In support of the motion, Plaintiffs argue the equitable relief that they request is warranted based on the scope of the jury's verdict and the type of constitutional violations they alleged against the City.  *See id.* at 1-8.

In response, the City states, without conceding equitable relief is available to any of the plaintiffs, it agrees to reinstate Thomas subject to certain terms and suggests the Court should enter

an order to that effect.  Doc. 195 at 2-3.  The suggested terms for Thomas's reinstatement include:

> 1) Kendall Thomas will return to the Selma Police Department on a specific date as a police Sergeant at a salary of $50,581.44 per year, plus incentives;
>
> 2) Thomas'[s] return to work is subject to his being certified/recertified as required by the Alabama Peace Officers Standards and Training Commission (APOST);
>
> 3) Once Thomas is successfully certified/recertified through APOST, he will be provided training for the Lieutenant promotion test.  Thomas will then be allowed to take the promotion test for Lieutenant.

*Id.*  The City further states, since reinstatement is the presumptively preferred remedy in this case, the Court does not need to consider the issue of front pay as to Thomas.  *Id.* at 3.  The City argues, in any case, front pay is not warranted for Thomas since the jury found he failed to mitigate his damages when he did not heed the offers of the Selma Police Department ("SPD") to return to duty, no proof was offered that showed the City's conduct was egregious, and an award of front pay would be speculative.  *Id.*

As for Hardy and Neely, the City argues they are neither entitled to reinstatement nor front pay because the jury found they both were disabled and unable to return to work and applied for, and received, Social Security disability benefits.  *Id.* at 3-4.

Separate from the issues of reinstatement and front pay, the City argues the Court should not award lost pension benefits or credit for the period that is covered by the jury's verdict because the issue was already decided by the jury.  *Id.* at 6-7.  Specifically, the City argues the jury was already instructed to consider Plaintiffs' lost income and benefits if they found for Plaintiffs on any of their claims.  *Id.*; *see* Doc. 208.

> It is a "well-settled principle that the nature and scope of the remedy are to be determined by the violation, which means simply that federal-court decrees must directly address and relate to the constitutional violation itself."  *Milliken v. Bradley*, 433 U.S. 267, 282, 97 S. Ct. 2749, 53 L. Ed. 2d 745 (1977).  The leading case for damages in a procedural due process case is *Carey v. Piphus*, 435 U.S. 247, 98 S. Ct. 1042, 55 L. Ed. 2d 252 (1978).  The *Carey* Court held that compensation

for injuries emanating from the deprivation of a constitutional right "should be tailored to the interests protected by the particular right in question." *Id.* at 259. The *Carey* Court went on to conclude that "compensatory damages for a procedural due process violation may not be awarded absent proof of actual injury. The Court further held, however, that even in the absence of such proof, 'the denial of procedural due process should be actionable for nominal damages.'" *Franklin v. Aycock*, 795 F.2d 1253, 1263 (6th Cir. 1986) (quoting *Carey*, 435 U.S. at 266)). *Carey*, however, did not reach the particular issue of equitable relief.

It is within the sound discretion of a district court whether to award equitable relief. *Goldstein v. Manhattan Indus., Inc.*, 758 F.2d 1435, 1448 (11th Cir. 1985). A court decides "the propriety of equitable relief *based on the facts as found by the jury*." *Haskins v. Boaz*, 822 F.2d 1014, 1015 (11th Cir. 1987) (citation omitted) (emphasis in original).

. . .

[T]he pertinent inquiry in determining the proper scope of damages in the context of a procedural due process violation is whether the deprivation is justified. *See, e.g.*, *Harden v. Pataki*, 320 F.3d 1289, 1300 (11th Cir. 2003) (reasoning that a justifiable injury a habeas petitioner may sustain is not properly compensable under 42 U.S.C. § 1983); *Cnty. of Monroe v. United States Dep't of Labor*, 690 F.2d 1359, 1363 (11th Cir. 1982) (concluding that "injury caused by justified termination is not compensable in the form of back pay").

And although applied in different contexts, the Eleventh Circuit has allowed a § 1983 plaintiff to receive back pay, lost benefits, loss of future income and damages for mental anguish and emotional distress arising from procedural due process violations based on the unjustified discharges of a public employee. *See, e.g., Wilson v. Taylor*, 733 F.2d 1539, 1550 (11th Cir. 1984) (back pay reduced by the amount of other income received after his initial termination awarded to an unlawfully discharged police officer); *Murphy v. City of Flagler Beach*, 846 F.2d 1306, 1309 (11th Cir. 1988) (mitigated damages is consistent with the compensatory purposes of Section 1983); *Stallworth v. Shuler*, 777 F.2d 1431, 1435 (11th Cir. 1985) (the injury in civil rights cases may be intangible and need not be financial or physical but may include damages for humiliation and emotional distress (citing *Carey v. Piphus*, 435 U.S. 247, 263-64, 98 S. Ct. 1042, 55 L. Ed. 2d 252 & n. 20 (1978)). Further, although analyzed in the context of First Amendment claims under § 1983, "reinstatement is a base element of the appropriate remedy in wrongful employee discharge cases and, except in extraordinary cases, is required." *Allen v. Autauga Cnty. Bd. of Education*, 685 F.2d 1302, 1305 (11th Cir. 1982). The Eleventh Circuit even explained in dicta, as it relates to a procedural due process claim, that the appropriate prospective remedy is "reinstatement and a correction in any procedural defects of the pre-termination hearing." *McKinney v. Pate*, 20 F.3d 1550, 1561 (11th Cir. 1994) (*en banc*).

*Galbreath v. Hale Cnty., Ala. Comm'n*, Civ. Act. No. 15-308-CG-N, 2017 U.S. Dist. LEXIS 125018, at \*4-5, \*7-9, 2017 WL 3402964, at \*2, \*3 (S.D. Ala. Aug. 8, 2017).

Where reinstatement is an available equitable remedy, "[f]ront pay may be particularly appropriate in lieu of reinstatement where discord and antagonism between the parties would render reinstatement ineffective as a make-whole remedy." *Goldstein v. Manhattan Indus., Inc.*, 758 F.2d 1435, 1449 (11th Cir. 1985) (citing *Cancellier v. Fed. Dep't Stores*, 672 F.2d 1312, 1319 (9th Cir. 1982)).

The jury found by a preponderance of the evidence in favor of each of the plaintiffs on their separate claims and determined an award for each of them. Doc. 208. The jury awarded Hardy $0 for lost income and benefits and $250,000 for mental anguish and emotional distress. *Id.* The jury awarded Neely $75,000 for lost income and benefits and $200,000 for mental anguish and emotional distress. *Id.* The jury awarded Thomas $150,000 for lost income and benefits and $200,000 for mental anguish and emotional distress. *Id.*

As to damages for Plaintiffs' lost income, commonly referred to as back pay, the jury was instructed to decide an award based on Plaintiffs' past income and apply said sum from the time when Plaintiffs were found to be injured through the date of the jury's decision at trial. Doc. 222 at 10-11, 13-14. The jury was also instructed Plaintiffs had a duty to mitigate their damages and, to receive back pay, Plaintiffs had to prove by a preponderance of the evidence they were able to work. *Id.*

Since the jury returned their verdict, a suggestion of death of Jeffrey Hardy was filed on October 23, 2023. Doc. 200. On December 27, 2023, Sharon Hardy, as the personal representative of the estate of Jeffrey Hardy, filed a motion to substitute her as a plaintiff instead of Plaintiff Jeffrey Hardy, which the Court orally granted during a hearing on the motion then entered its

memorandum opinion and order for the motion.  Docs. 209, 211, 220.

At trial, each of the plaintiffs testified as to what employment they pursued after they were placed on unpaid administrative leave.  Neely testified he applied for, and received, retirement benefits, beginning January 1, 2019, and received income for work that he performed as a self-employed photographer, investigator, and driver for Uber.  Neely also testified he applied for, and received, a Paycheck Protection Program loan[1] ("PPP loan") and applied for, and received, Social Security Disability Insurance ("SSDI") benefits based on an onset date of August 26, 2020. Thomas testified he worked for the Dallas County Public School System and was self-employed as a home remodeler.

The jury's verdict reflects their decision that Plaintiffs' procedural due process rights were violated and they were wrongfully terminated.  The jury's verdict further reflects each of the plaintiffs were entitled to backpay for their successful claims, which was adjusted to reflect Plaintiffs' varying efforts to mitigate their damages.

While the City argues the jury's decision as to damages shows they determined Hardy and Neely were incapable to return to work because they were disabled, based on their receipt of SSDI benefits, such was not found by the jury.  The jury was instructed:

> Plaintiffs must prove by a preponderance of the evidence they were able to work before you can make any award of back pay.

> If you find Plaintiffs Jeffrey Hardy and Toriano Neely were receiving social security benefits for a disability that precluded them from engaging in gainful employment, you may not make an award of back pay in favor of them for any time after the date they were determined by the Social Security Administration to be disabled.

---

[1] A PPP loan is "a[ U.S. Small Business Administration]-backed loan that helps businesses keep their workforce employed during the COVID-19 crisis."  *Paycheck Protection Program*, U.S. SMALL BUSINESS ADMINISTRATION (July 16, 2024), https://www.sba.gov/funding-programs/loans/covid-19-relief-options/paycheck-protection-program.

Doc. 122 at 13-14.  The instruction was modeled on language from *Serino v. Potter*, 178 F. App'x 552 (7th Cir. 2006).

In *Serino*, the plaintiff filed a claim for disability discrimination and retaliation against her employer, which proceeded to trial, and after the plaintiff presented her witnesses, her employer moved for judgment as a matter of law pursuant to Fed. R. Civ. P. 50, which the district court granted.  *Id.* at 553-54.  On appeal, the Seventh Circuit found the plaintiff's claims for reinstatement and back pay failed "because of her admission in her application for disability retirement that she was unable to work" and "her trial testimony did not provide a 'sufficient explanation.'"  *Serino*, 178 F. App'x at 555-56 (citing *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 805-07, 119 S. Ct. 1597, 143 L. Ed. 2d 966 (1999) and *Feldman v. Am. Mem. Life Ins. Co.*, 196 F.3d 783, 790-91 (7th Cir. 1999)).

Both the jury instruction and *Serino* indicate the mere fact that a plaintiff receives SSDI is not dispositive of whether the plaintiff is disabled but the claimed disability must have precluded the plaintiff from engaging in gainful employment.

At trial, both Hardy and Neely testified as to the circumstances of their applications for SSDI benefits.  Hardy testified he applied for SSDI benefits because of multiple medical conditions: coronary artery disease, stints, heart attacks, high blood pressure, dizziness, shortness of breath, Type 2 Diabetes, neuropathy, and pain in his extremities.  Hardy also testified he wanted to return to work for the SPD after he was placed on unpaid administrative leave.  Neely testified he applied for SSDI benefits because of problems with his shoulder and back, which were present while he was still employed by the City as a police officer, and his desire to provide income for he and his family.  Neely also testified he wanted to return to work for the SPD even after he was approved for SSDI benefits.

Both Hardy and Neely testified they decided to retire so they could access their retirement income to provide for themselves and their families.

Ultimately, the jury did not make a finding that any of the plaintiffs were disabled. The City's argument that the jury found Hardy and Neely disabled based on the amounts the jury awarded to each of them, and the fact that each of them was approved to receive SSDI benefits, invites the Court to speculate as to how the jury reached the amounts that they awarded. The Court is required to devise equitable relief based on the facts that were found by the jury, and the jury's verdict only addressed whether Plaintiffs proved their claims; the monetary award, if any, for Plaintiffs' lost income and benefits; and the monetary award, if any, for Plaintiffs' mental anguish and emotional distress. *See* Doc. 208.

As to whether reinstatement or front pay is the appropriate equitable remedy for the plaintiffs, each of them testified they wanted to return to work at the SPD even after they were placed on unpaid administrative leave and received correspondences from the SPD chief of police that inquired whether they intended to return to work for the department. The evidence at trial did not indicate there was animosity between the plaintiffs and the SPD that would militate an award of front pay to any of the plaintiffs in lieu of reinstatement. However, since the jury returned their verdict in this matter, Hardy has unfortunately passed away, and judgment in this matter was not entered before that event occurred. Therefore, Hardy's claims for front pay or reinstatement are denied since both remedies are premised on an ability to perform the underlying work.

Accordingly, each of Neely and Thomas's motions for reinstatement are separately granted. Neely and Thomas are entitled to equitable relief in the form of reinstatement to restore them to the positions they would have been entitled had the City not violated their due process rights. Each of Neely and Thomas's motions for front pay are denied, and Hardy's motions for

reinstatement or front pay are both denied as moot.

**B.      Plaintiffs' Amended Motion for Prejudgment Interest (Doc. 213)**

As an initial matter, Plaintiffs filed a motion for prejudgment interest and an amended motion for prejudgment interest.  Docs. 197, 213.  In the amended motion, Plaintiffs state they adopt and incorporate their original motion for prejudgment interest and amend the original motion to incorporate the calculation of prejudgment interest through January 26, 2024, when, during a virtual hearing in this matter, the Court orally denied the City's motion for judgment as a matter of law.  Doc. 213 at 1-2.  Plaintiffs request a prejudgment interest rate of six percent (6%), compounded quarterly, be applied to the jury's verdict awards for each of them for the period from November 2, 2018, through January 26, 2024.  *Id.* at 3.

In response, the City argues Plaintiffs are not entitled to prejudgment interest because the majority of the jury's verdict awards to each of them was for their mental anguish, which was not a sum certain to which prejudgment interest may be applied.  Doc. 216.  Further, the City argues the time to reach the verdict in this matter was unnecessarily extended by Plaintiffs when they requested, and were granted, a nearly two-year stay by the state circuit court, to which the City objected, and therefore, an award of prejudgment interest, if any, should be proportionately reduced.  *Id.*

Section 1983 is silent as to whether prejudgment interest is available to a plaintiff who is successful in a claim that is brought pursuant to the statute.  *See* 42 U.S.C. § 1983.  However, "awards of prejudgment interest are equitable remedies, to be awarded or not awarded in the district court's sound discretion."  *Indus. Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434, 1446 (11th Cir. 1998) (citations omitted).  "Prejudgment interest serves to compensate for the loss of use of money due as damages from the time the claim accrues until judgment is

entered, thereby achieving full compensation for the injury those damages are intended to redress." *West Virginia v. United States*, 479 U.S. 305, 310 n.2 (1987) (citing *Prejudgment Interest: Survey and Suggestion*, 77 Nw. U. L. Rev. 192 (1982)). The award of prejudgment interest for a successful § 1983 claim is consistent with such a claim's purpose "to compensate persons for injuries that are caused by the deprivation of constitutional rights." *Carey*, 435 U.S. at 254.

The exercise of the Court's discretion is guided by principles of common law. Under the common law, prejudgment interest was awarded for liquidated damages, which are those that are "relatively certain and ascertainable by reference to established market values." *GM Corp. v. Devex Corp.*, 461 U.S. 648, 652 n.5 (1983).

> In the absence of a controlling statute, federal courts' choice of a rate at which to determine the amount of prejudgment interest to be awarded is also a matter for their discretion. That choice is usually guided by principles of reasonableness and fairness, by relevant state law, and by the relevant fifty-two week United States Treasury bond rate, which is the rate that federal courts must use in awarding *post*-judgment interest. *See* 28 U.S.C. § 1961; [John Y.] Gotanda, [*Awarding Interest in International Arbitration*, 90 Am. J. Int'l L. 40,] 45 and n.63 [(1996),] (citing cases).

*M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d at 1447.

In this matter, the Court will draw from Alabama law, since Plaintiffs successfully prosecuted their wrongful termination claim. Under Alabama law, "[w]here no written contract controls the interest rate . . . the legal rate of pre-judgment interest is six percent per annum." *Rhoden v. Miller*, 495 So. 2d 54, 58 (Ala. 1986) (citing, among other sources, Ala. Code § 8-8-1); *see* Ala. Code § 8-8-1 ("Except as otherwise provided by law, the maximum rate of interest upon the loan or forbearance of money, goods, or things in action, except by written contract is $6 upon $100 for one year, and the rate of interest by written contract is not to exceed $8 upon $100 for one year and at that rate for a greater or less sum or for a longer or shorter time."). Consistent

with Alabama law, Plaintiffs request a prejudgment annual interest rate of six percent (6%).  Docs. 197, 213.

In general, this is a matter that involves salary payments that would have otherwise been due to Plaintiffs if not for the violation of their constitutional rights and their wrongful termination. As evidenced at trial, Plaintiffs were paid a salary by the SPD that varied somewhat based on the amount of overtime work or special assignments that they performed.  Further, the jury was instructed as to mitigating factors that could be applied to any backpay award.  The total sum of Plaintiffs' backpay was a readily calculable amount based on their salaries and the period from when they were placed on unpaid administrative leave to the entry of judgment in this matter, and the jury readily determined those amounts.

However, the jury's award to Plaintiffs for mental anguish and emotional distress is not an amount that was readily ascertainable for which prejudgment interest may be applied.  The jury heard Plaintiffs' testimony as to each of their mental anguish and emotional distress that resulted from their claims against the City, but their testimony did not include sums that quantified their damages that would make those sums readily ascertainable.

Therefore, the Court finds prejudgment interest is due for Plaintiffs' backpay awards but not for their mental anguish and emotional distress awards.  Now, the Court must determine the relevant period for which to award prejudgment interest.

The parties have submitted separate prejudgment interest calculations that both use an annual interest rate of six percent (6%), compounded.  *See* Docs. 213, 216.  Plaintiffs' prejudgment interest calculations assume the principal amounts are each of the verdict awards, each of which includes their awards for backpay, and mental anguish and emotional distress, and the relevant period from when Plaintiffs were placed on unpaid administrative leave to when the Court

announced its decision for the City's motion for judgment as a matter of law.  *See* Doc. 213. Plaintiffs submit the steps they used to calculate their prejudgment interest sums.  *See id.*  The City's prejudgment interest calculations assume the principal amounts are the backpay awards for Neely and Thomas and presents four interest calculations that are based on different scenarios. *See id.*  The City did not include a prejudgment interest calculation for Hardy since the jury awarded him zero dollars for backpay.  *See id.*  The City's calculations assume two different relevant periods and factor whether to include the period when this matter was stayed in the state circuit court for almost two years at the request of Plaintiffs and over the objection of the City. *See* Doc. 216.  The relevant periods begin when Plaintiffs were placed on unpaid administrative leave and extend to either when the jury rendered its verdict or when the Court announced its decision for the City's motion for judgment as a matter of law.  *See id*.  The City's prejudgment interest calculations were prepared by a certified public accountant.  *See* Doc. 216-1.

As to the relevant period for prejudgment interest, the Court notes a judgment pursuant to Fed. R. Civ. P. 58(a) has not been entered in this matter and the Court's February 7, 2024, Order stated a judgment would not be entered until after the Court resolved the post-verdict motions, some of which the Court addresses in this memorandum opinion and order.  Doc. 214.  Since neither of the parties' prejudgment interest calculations extend to the entry of judgment, the Court will require the parties to supplement their calculations or, if they can agree to a certain calculation based on the parameters set forth in this memorandum opinion and order, submit their joint calculation.

As to whether the Court should include in the prejudgment interest calculation the period when this matter was stayed in the state circuit court, the City does not cite to case law that supports its argument and grounds its argument as a matter of fairness.  *See* Doc. 216.  Plaintiffs motioned

to stay the state circuit court matter pending the outcome of the criminal actions that were brought against them by the Alabama attorney general then motioned the court to lift the stay on the same date when the attorney general requested the criminal actions be dismissed with prejudice.  Doc. 1-1 at 480-84; Doc. 108-1 at 4-6.  The Court believes Plaintiffs' request to stay the matter was prudent, since the outcome of the criminal actions could have greatly affected their claims in this matter and Plaintiffs' request for prejudgment interest during that time should be allowed.

Therefore, the Court grants Plaintiffs Neely and Thomas's separate requests for prejudgment interest and awards them such interest at a rate of six percent (6%), compounded quarterly, for the period from November 2, 2018, through the entry of judgment, pursuant to Fed. R. Civ. P. 58(a), in this matter.  Since the jury did not award Hardy backpay, Plaintiff Sharon Hardy's request for prejudgment interest is denied.

**C. Plaintiffs' Motion for Equitable Relief Annual Leave, Sick Leave and Retirement (Doc. 198)**

Plaintiffs request the Court, if it decides to reinstate any of them, award each who were reinstated the hours of annual and sick leave, as well as retirement credit, that they would have accrued if they were not placed on unpaid administrative leave.  Doc. 198.  If the Court decides to award any of Plaintiffs front pay, each who were granted such relief request the Court award them monetary equivalents for their lost annual and sick leave, as well as retirement credit.  *Id.*

In response, the City argues the jury was instructed to consider lost benefits as part of any award to Plaintiffs and the verdict form stated the jury's award was to include lost income and benefits.  Doc. 204 at 2-3.  Further, the City argues the amounts that Plaintiffs request would not be warranted, based on the jury's verdict and the evidence at trial, because the jury found Hardy and Neely were disabled and neither was entitled to backpay, and Thomas failed to mitigate his damages when he did not accept the City's offers for him to return to work.  *Id.* at 3-4.

In Plaintiffs' Third Amended Complaint, they requested, among other things, lost benefits for theirs claims that were presented at trial. Doc. 1-1 at 639-41, 643-46. During trial, Plaintiffs testified they received annual and sick leave, as well as retirement benefits, as part of their compensation from the City. At the conclusion of the presentation of evidence at trial, the jury was instructed the following in regard to Plaintiffs' procedural due process claims:

> If you find in favor for each fact he must prove, you must consider the compensatory damages of Plaintiffs. When considering the issue of compensatory damages, you should determine what amount, if any, has been proven by Plaintiffs by a preponderance of the evidence as full, just and reasonable compensation for all of their damages as a result of their income and **benefits** being taken away, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize Defendant.
>
> You should consider the following elements of damage, to the extent you find that Plaintiffs have proved them by a preponderance of the evidence, and no other:
>
> > (a) Net lost wages and **benefits** from the date of his income and benefits were taken away to the date of your verdict; and
> >
> > (b) Emotional pain and mental anguish.
>
> To determine the amount of net lost wages and **benefits**, you should consider evidence of the actual wages that they lost and the monetary value of any **benefits** that they lost.

Doc. 192 at 21 (emphasis added). A nearly identical instruction was also presented to the jury as to compensatory damages for Plaintiffs' wrongful termination claims. *See id.* at 24. For each of the plaintiffs, the Verdict Form that was completed by the jury prompted:

> If you find in favor of [Plaintiff] on any of his claims, what amount of compensatory damages for his lost wages and **benefits**, if any, do you find he proved by a preponderance of the evidence? The amount, if any, should reflect lost wages and **benefits** from the date of his lost income and **benefits** to the date of your verdict.

Doc. 192 at 35, 36, 38 (emphasis added).

Since the jury heard Plaintiffs testify as to the benefits they received from the City as part of their compensation then were instructed to include benefits as part of any award for Plaintiffs'

procedural due process and wrongful termination claims, the Court finds the jury included such amounts in their verdict award and the Court cannot again award Plaintiffs for such. Therefore, Plaintiffs' request that the Court award each of them equitable relief as to the hours of annual and sick leave, as well as retirement credit, is denied.

### III.   CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1)   Plaintiffs' Motion for Equitable Relief: Reinstatement or Front Pay (Doc. 193) is **GRANTED in part and DENIED in part**. The motion is **GRANTED** as to each of Plaintiffs Toriano Neely and Kendall Thomas's requests for reinstatement. The motion is otherwise **DENIED**.

(2)   Plaintiffs' Amended Motion for Prejudgment Interest (Doc. 213) is **GRANTED in part and DENIED in part**. The motion is **GRANTED** as to each of Plaintiffs Toriano Neely and Kendall Thomas's motions for prejudgment interest and awards them such interest at a rate of six percent (6%), compounded quarterly, for the period from November 2, 2018, through the entry of judgment, pursuant to Fed. R. Civ. P. 58(a), in this matter. The motion is otherwise **DENIED**.

(3)   Plaintiffs' Motion for Equitable Relief Annual Leave, Sick Leave and Retirement (Doc. 198) is **DENIED**.

A separate judgment will issue pursuant to Fed. R. Civ. P. 58.

**DONE** and **ORDERED** this 19th day of September 2024.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE