IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHARON HARDY, as personal representative of the estate of Jeffrey Hardy, *et al.*, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | )   CIVIL ACT. NO.  2:21-cv-522-TFM-B |
| CITY OF SELMA, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the *Petition for the Award of Attorney's Fees and Costs Pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 1983* (Doc. 215, filed February 27, 2024). Plaintiffs' motion, pursuant to 42 U.S.C. §§ 1983 and 1988, the Court to award attorney fees and costs. Having considered the motion, response, and relevant law, the motion is **GRANTED in part and DENIED in part** as discussed below.

### I.   PROCEDURAL BACKGROUND

The procedural background of this matter was summarized in the Court's June 9, 2023 Memorandum Opinion and Order then updated in the Court's August 23, 2024 Memorandum Opinion and Order.  Docs. 126, 221.

Having resolved Defendant City of Selma's ("Defendant" or "the City") motion for judgment as a matter of law (Doc. 188) and Plaintiffs Jeffrey Hardy, Toriano Neely, and Kendall Thomas's (collectively, "Plaintiffs") oral motion for judgment as a matter of law (Doc. 189), the Court now turns its attention to this post-trial motion, which is ripe for review, and the Court finds oral argument unnecessary.

## II.     DISCUSSION AND ANALYSIS

### A.     Attorney's Fees

The following are the claimed hourly rates and hours worked for Plaintiffs' counsel and counsel's paralegal:

|  | Claimed Hourly Rate ($) | Claimed Hours Worked |
|---|---|---|
| Julian L. McPhillips, Jr. | 575.00 | 465.05 |
| K. David Sawyer | 550.00 | 662.55 |
| Amelia Strickland | 125.00 | 47.25 |

*See* Doc. 215-4. In support of the motion, Plaintiffs argue their counsel has represented them since the inception of this matter through the trial and verdict, which spanned approximately five (5) years. *Id.* at 4. Plaintiffs attach to their motion the affidavits of each of their counsel and affidavits from fellow attorneys that support counsels' and counsel's paralegal's hourly rate request. Docs. 215-1, 215-2, 215-5, 215-6. Plaintiffs also attach for each of their counsel, and the assigned paralegal, an accounting of the work each performed in this matter. Docs. 215-1, 215-2, 215-3. Finally, Plaintiffs attach an accounting of their counsel's expenses that they incurred in this matter. Doc. 215-9.

In response, the City argues whether to award attorney's fees and costs is within the Court's discretion, and Plaintiffs' documentation of the claimed fees and costs includes impermissible entries that are vague, redundant, duplicative, unnecessary, and unreasonable. Doc. 218. Further, the City argues the number of claimed hours worked and rates charged for this matter are excessive. *Id.* The City argues Plaintiffs' only claim that would entitle them to attorney's fees, their claim pursuant to 42 U.S.C. § 1983, was not asserted until they filed their third amended complaint on November 29, 2021, almost three (3) years after they initiated this litigation. *Id.* The

City also argues any attorney's fees award should be reduced to account for (1) work that Plaintiffs' counsel performed to address state law issues in this matter, (2) work that was performed for a former plaintiff in this matter whose claims were dismissed without prejudice by the state circuit court, and (3) work that is related to claims that were dismissed through the City's successful motion to dismiss. *Id.* Finally, the City argue much of the claimed work hours include instances of block billing, inadequate descriptions of work performed, and duplicative billing entries. *Id.*

> It is the general rule in the United States that in the absence of legislation providing otherwise, litigants must pay their own attorney's fees." *Christiansburg* [*Garment Co. v. EEOC*], 434 U.S. [412,] 415 [(1978)]. "But Congress has authorized courts to deviate from this background rule in certain types of cases by shifting fees from one party to another." *Fox v. Vice*, 563 U.S. 826, 832 [ ] (2011). Title 42 U.S.C. § 1988 falls into this category, providing that "[i]n any action or proceeding to enforce a provision of [Section 1983] . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ." 42 U.S.C. § 1988(b).

*Beach Blitz Co. v. City of Miami Beach*, 13 F.4th 1289, 1296 (11th Cir. 2021).

> A plaintiff qualifies as a prevailing party entitled to attorneys' fees under 42 U.S.C. § 1988 if there is a "material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." *Id.* (quoting *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93 [ ] (1989)). We have "interpreted this language to require either '(1) a situation where a party has been awarded by the court at least some relief on the merits of his claim or (2) a judicial imprimatur on the change in the legal relationship between the parties.'" [*Common Cause/Ga. v.*] *Billups*, 554 F.3d [1340,] 1356 [(2009)] (quoting *Smalbein ex rel. Estate of Smalbein v. City of Daytona Beach*, 353 F.3d 901, 905 (11th Cir. 2003)).

*Common Cause Ga. v. Sec'y*, 17 F.4th 102, 107 (11th Cir. 2021).

Here, Plaintiffs were prevailing parties as contemplated by 42 U.S.C. § 1988 since they successfully prosecuted their procedural due process claims that were brought pursuant to 42 U.S.C. § 1983, and the Court finds attorney fees and costs are appropriate.

A reasonable fee is one that is "sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Perdue v. Kenn A. ex rel. Winn*, 559 U.S. 542,

552 (2010). "[T]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "The first step in calculating a reasonable attorney's fee award is to determine the 'lodestar'—the product of multiplying reasonable hours expended times a reasonable hourly rate." *Martinez v. Hernando Cnty. Sheriff's Off.*, 579 F. App'x 710, 713 (11th Cir. 2014)[1] (citing *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999)); *see also Bivins v. Wrap It Up, Inc.,* 548 F.3d 1348, 1350 (11th Cir. 2008) ("The product of these two figures is the lodestar and there is a 'strong presumption' that the lodestar is the reasonable sum the attorneys deserve.").

"In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974)."[2]  *Id.*  "The *Johnson* factors include: (1) the time and labor required; (2) the difficulty of the issues; (3) the skill required; (4) the preclusion of other employment by the attorney because he accepted the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the

---

[1] In this Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2 (effective Dec. 1, 2014); *see also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

[2] The Eleventh Circuit has adopted as binding precedent the decisions of the Fifth Circuit that were decided prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

professional relationship with the client; and (12) awards in similar cases." *Faught v. Am. Home Shield Corp.,* 668 F.3d 1233, 1242-43 (11th Cir. 2011) (citations omitted).  And, after determination of the lodestar, that "number" may then be "adjusted after considering other factors, such as the results obtained." *Martinez,* 579 F. App'x at 713 (citations omitted).  Although the "*Johnson* factors are to be considered in determining the lodestar figure; they should not be reconsidered in making either an upward or downward adjustment to the lodestar-doing so amounts to double-counting." *Bivins,* 548 F.3d at 1352 (citing *City of Burlington v. Dague*, 505 U.S. 557, 562-63 (1992)).

In determining the proper lodestar in this case, the undersigned first considers how many hours were reasonably expended in pursuing this matter then what hourly rates are reasonable.  In so doing, the Court keeps in mind that "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley,* 461 U.S. at 437.

### 1. Hours Reasonably Expended

"'Fee applicants must exercise what the Supreme Court has termed 'billing judgment,' which requires the exclusion of excessive, redundant, or otherwise unnecessary hours." *Smith v. Werner Enters., Inc.*, Civ. Act. No. 14-0107-WS-B, 2015 U.S. Dist. LEXIS 153536, at *12, 2015 WL 7185503, at *4 (S.D. Ala. Nov. 13, 2015) (citations and internal quotation marks omitted).  Indeed, "[i]f fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are 'excessive, redundant, or otherwise unnecessary.'" *Barnes,* 168 F.3d at 428.  "Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Id.*  "Excluding

excessive or otherwise unnecessary hours under the rubric of 'billing judgment' means that a lawyer may not be compensated for hours spent on activities for which he would not bill a client of means who was seriously intent on vindicating similar rights, recognizing that in the private sector the economically rational person engages in some cost benefit analysis." *Norman v. Hous. Auth. of the City of Montgomery,* 836 F.2d 1292, 1301 (11th Cir. 1988). "Moreover, because an assessment of the reasonableness of the hours requested (at least when objection is adequately raised by the defendant) contemplate[s] a task-by-task examination of the hours billed, plaintiffs' counsel is required to record each task, and the time associated with each, with sufficient clarity that the Court can evaluate the reasonableness of the expenditure of time." *Smith*, 2015 U.S. Dist. LEXIS 153536, at *12, 2015 WL 7185503*,* at *4 (citations and internal quotation marks omitted).

    a.    **Mr. McPhillips' and Mr. Sawyer's Hours**

Plaintiffs claim Mr. McPhillips expended 465.05 hours of work and Mr. Sawyer 662.55 hours for this matter. Doc. 215-1 at 3-4; Doc. 215-2 at 3-4.

The Court has thoroughly reviewed the billing summaries for Mr. McPhillips and Mr. Sawyer. The Court must note the attorneys' billing summaries contain 199 entries that have identical dates for work performed, work descriptions, and time billed. *Compare* Doc. 215-1 at 7-18 *with* Doc. 215-2 at 10-22. The work descriptions in those 199 entries are not sufficiently detailed that the Court can discern what work was performed by whom and whether the work required the attention of both attorneys. However, some of the double-billed work entries for the attorneys would understandably require both of their attentions, namely client meetings and court proceedings. The total number of hours of claimed work for each attorney that is double-billed is 417.8 of which 77.8 hours are instances where the attention of both attorneys is arguably required.

The Court has also identified several entries in the attorneys' billing summaries that are

strictly administrative in nature but are included as work performed by an attorney, namely filing Court documents and the review of administrative Court docket entries - notices of appearances, motions to withdraw and associated Court orders, corporate disclosure statements, Court referral orders, routine Court scheduling orders, and notices of endorsement. Additionally, most of the work descriptions in the billing summaries are cursory, vague, and block billed.

"[T]he general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. "In addition to a reduction for block billing, a time entry may be further discounted where the description of the work performed is overly vague." *Bujanowski v. Kocontes*, Civ. Act. No. 8:08-cv-0390-T-33EAJ, 2009 U.S. Dist. LEXIS 50659, at *5, 2009 WL 1564263, at *2 (M.D. Fla. 2009) (citation omitted). Further, "'[b]lock billing' occurs when an attorney lists all the day's tasks on a case in a single entry, without separately identifying the time spent on each task." *Ceres Envtl. Servs., Inc. v. Colonel McCrary Trucking, LLC*, 476 F. App'x 193, 203 (11th Cir. 2012). Block billing "makes it difficult, if not impossible, to calculate with any precision the number of hours an attorney devoted to a particular task." *Barnes*, 168 F.3d at 429. "Courts have . . . approved across-the-board reductions in block-billed hours to offset the effects of block billing." *Ceres*, 476 F. App'x at 203.

As to the City's argument that both Mr. McPhillips and Mr. Sawyer claim hours for work that was performed for another case for a plaintiff who was previously named in this matter but who eventually filed a separate complaint against, among others, the City, appears to be meritorious. On June 27, 2019, Carneetie Ellison, who was originally named in this action and was represented by Mr. McPhillips and Mr. Sawyer, filed a separate second amended complaint. Doc. 1-1 at 216-31. Ms. Ellison eventually requested the state court dismiss her claims so she

could pursue them in federal court, which the state court granted. *See id.* at 258-60, 69. The Court's review of the billing summaries show both Mr. McPhillips and Mr. Sawyer billed a total of 19 hours for work that is described as "Research and preparation of Amended Complaint to add Defendants" and "Final review and filing of Amended Complaint to add Defendants." Doc. 215-1 at 9; Doc. 215-3 at 11. The Court concludes, based on the procedural background of this case, those entries are related to a separate matter and not the claims and plaintiffs in this matter, and therefore, those hours will be deducted from Mr. McPhillips and Mr. Sawyer's claimed hours. *Compare* Doc. 215-1; Doc. 215-2 *with* Doc. 1-1 at 216-31, 258-60, 269.

As to the City's argument that the Court should reduce Mr. McPhillips and Mr. Sawyer's claimed hours for work that was performed for Plaintiffs' state-law claims and not for their federal claim, the Court finds those claimed hours are sufficiently related to their federal claim and should be included as reasonable hours expended to prosecute this matter.

Accordingly, the Court finds it necessary to reduce by nineteen (19) hours the time that is claimed by each attorney for work that was performed for a separate matter and involved another litigant that the attorneys represented. The Court also finds it necessary to reduce by fifty percent (50%) the hours claimed by each attorney for those entries that are claimed by both (417.8), not to include either the double-billed work that was performed for the separate matter (19) and the double-billed work that the Court determined arguably required the attention of both attorneys (77.8), which results in a reduction of 160.5 hours for each attorney's claimed hours. Further, each attorney's total remaining claimed hours will be reduced by an additional ten percent (10%) to account for insufficient work descriptions, block billing, and billing for administrative tasks.

Accordingly, the Court finds 285.995 hours of work by Mr. McPhillips and 434.745 hours of work by Mr. Sawyer are reasonable.

### b. Ms. Strickland's Hours

Plaintiffs claim Ms. Strickland expended 47.25 hours of work for this matter. Doc. 215-3. "A court may award fees for the work of non-lawyer paralegals and non-lawyer law clerks, but only to the extent they perform work 'traditionally done by an attorney.'" *Kent v. Gulf Coast Sec. Enters. LLC*, Civ. Act. No. 18-00106-CG-C, 2018 U.S. Dist. LEXIS 208769, at *7, 2018 WL 6933393, at *3 (S.D. Ala. Dec. 10, 2018) (citations omitted). "Work that may appropriately be performed by paralegals and billed to a client or a losing party includes 'factual investigation, including locating and interviewing witnesses; assistance with depositions, interrogatories, and document production; compilation of statistical and financial date; checking legal citations; and drafting correspondence.'" *Allen v. McClain EZ Pack of Ala., Inc.*, Civ. Act. No. 03-0490-WS-M, 2005 U.S. Dist. LEXIS 43487, at *9, 2005 WL 1926636, at *3 (S.D. Ala. Aug. 8, 2005) (quoting *Missouri v. Jenkins ex rel. Agyei*, 491 U.S. 274, 288 n.10 (1989)).

The Court thoroughly reviewed Ms. Strickland's claimed hours. A majority of the described work is administrative in nature and is not work that would traditionally be performed by an attorney, and therefore, the Court will reduce her claimed hours for those administrative tasks (36.25). Of those claimed hours entries that appear to be work that would traditionally be performed by an attorney, the descriptions are vague and block billed, and the Court will reduce Ms. Strickland's remaining claimed hours (11) by ten percent (10%) (1.1).

Accordingly, the Court finds 9.9 hours of work by Ms. Strickland are reasonable.

### 2. Reasonable Hourly Rates

"The Eleventh Circuit has instructed that a reasonable hourly rate is 'the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation.'" *McDonald* [*v. ST Aerospace Mobile, Inc.*, Civ. Act. No. 12-0313-CG-C], 2013 WL 1389976, [at] *3 [(S.D. Ala. April 4, 2013)] (citing *Norman*, 836 F.2d at 1303). "The general rule is that the 'relevant market' for purposes of determining the reasonable hourly rate

for an attorney's services is 'the place where the case is filed.'" [ ]*Barnes,* 168 F.3d [ ] at 437 (citing *Cullens v. Ga. Dep't of Transp.,* 29 F.3d 1489, 1494 (11th Cir. 1994)[)]. However, "[i]f the fee applicant desires to recover the non-local rates of an attorney who is not from the place in which the case was filed, he must show a lack of attorneys practicing in that place who are willing to handle his claims." *Barnes,* 168 F.3d at 437. The fee applicant "bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Norman,* 836 F.2d at 1299. "Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work." *Norman,* 836 F.2d at 1299.

*Cormier v. ACAC Inc.*, Civ. Act. No. 13-0158-CG-M, 2013 U.S. Dist. LEXIS 173659, at * 2, 2013 WL 6499703, at *2 (S.D. Ala. Dec. 11, 2013). "Also, the court is familiar with the prevailing rates in this district and may rely upon its own 'knowledge and experience' to form an 'independent judgment' as to a reasonable hourly rate." *Garrett Invs., LLC v. SE Prop. Holdings, LLC*, 956 F. Supp. 2d 1330, 1339 (S.D. Ala. 2013) (citing *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)).

However, "a court should hesitate to give controlling weight to prior awards, even though they may be relevant." *Dillard v. City of Greensboro*, 213 F.3d 1347, 1355 (11h Cir. 2000). In the situation at hand, the undersigned recognizes that it has been many years since there has been a market study of prevailing rates. Further, the Court is well-aware that rates have increased considerably over the last several years. Therefore, the Court finds the prior awards have little value to the rates today.

          **a.**     **Mr. McPhillips and Mr. Sawyer's Hourly Rates**

Plaintiffs request an hourly rate of $575 for Mr. McPhillips. Doc. 215. In Mr. McPhillips's affidavit, he provides many arguments, which reflect the *Johnson* factors, to support his claimed hourly rate: (1) he has practiced law since 1977; (2) he is admitted to practice in the United States Supreme Court, the United States Court of Appeals for the Eleventh Circuit, the United States District Court for the Middle District of Alabama, the United States District Court for the Northern

District of Alabama, the United States District Court for the Southern District of Alabama, and the Supreme Court of Alabama; (3) the majority of his law experience has been in private practice; (4) his private practice work has primarily focused on employment discrimination and employment matters; (5) he estimates he has been involved in more than 1000 employment related cases during his career; (6) his hourly rate is commensurate with the prevailing range of rates charged by attorneys in similar circumstances and with comparable skill and responsibility in similar areas of litigation in the Southern District of Alabama; and (7) his hourly rate is similar to the rate he charges hourly, non-contingent clients.  Doc. 215-1.

Plaintiffs request an hourly rate of $550 for Mr. Sawyer.  Doc. 215.  In Mr. Sawyer's affidavit, he also provides many arguments, which reflect the *Johnson* factors, to support his claimed hourly rate: (1) he has practiced law since 1991; (2) he is admitted to practice in the United States Court of Appeals for the Eleventh Circuit, the United States District Court for the Middle District of Alabama, the United States District Court for the Northern District of Alabama, the United States District Court for the Southern District of Alabama, and the Supreme Court of Alabama; (3) he has practiced in both the public and private sectors of the legal profession; (4) his private practice work has mainly been civil litigation that is primarily focused on employment related matters; (5) he estimates he has been involved in more than 400 employment related cases during his career (6) his hourly rate is commensurate with the prevailing range of rates charged by attorneys in similar circumstances and with comparable skill and responsibility in similar areas of litigation in the Southern District of Alabama; and (7) his hourly rate is similar to the rate he charges hourly, non-contingent clients.  Doc. 215-2.

In support of Mr. McPhillips and Mr. Sawyer's claimed hourly rates, they each submit an affidavit in support of the other as well as the affidavits of Chase Estes and G. William Gill.  Doc.

215-1; Doc. 215-2; Doc. 215-5; Doc. 215-6.

Both Mr. McPhillips and Mr. Sawyer opine the other's claimed hourly rate is reasonable. *See* Doc. 215-1 at 4; Doc. 215-2 at 4.

As for the other supporting affidavits, Mr. Estes states he has practiced law since 2013; he is a member of Alabama State Bar and the State Bar of Georgia; he is admitted to practice in the United States Supreme Court, the United States Court of Appeals for the Eleventh Circuit, the United States District Court for the Middle District of Alabama, the United States District Court for the Northern District of Alabama, the United States District Court for the Southern District of Alabama, and the United States District Court for the Northern District of Georgia; he is familiar with what is required to litigate employment discrimination matters; and he is familiar with the billing rates for plaintiff attorneys who litigate in the Alabama legal community. Doc. 215-5. Mr. Estes opines the prevailing market hourly rate in Alabama for plaintiff attorneys in a case such as this one ranges from $375 to $650, and the requested hourly rates for Mr. McPhillips and Mr. Sawyer are reasonable based on their individual litigation skills, knowledge of trial and appellate practice; knowledge of substantive law, persuasiveness and advocacy skills, and analysis of the case and theories and procedural avenues available to obtain a satisfactory result for their client, factors that are identified in *Norman*, 836 F.2d at 1300-01. *Id.*

Mr. Gill states he has practiced law since 1987; his practiced has focused on plaintiff civil litigation that involves torts, civil rights, constitutional rights, and probate; he is a member of the Alabama State Bar and the Montgomery County Bar Association; he is admitted to practice in the United States Supreme Court, the United States Court of Appeals for the Eleventh Circuit, and the United States District Court for the Middle District of Alabama; he is familiar with what is required to litigate employment discrimination matters; and he is familiar with the billing rates for plaintiff

attorneys who litigate in the Alabama legal community.  Doc. 215-6.  Mr. Gill opines the prevailing market hourly rate in Alabama for plaintiff attorneys in a case such as this one ranges from $350 to $550, and a reasonable hourly rate for Mr. McPhillips is $550 and for Mr. Sawyer is $500.  *Id.*  Mr. Gill states his opinion as to the reasonableness of the hourly rates is based on Mr. McPhillips and Mr. Sawyer's individual litigation skills, knowledge of trial and appellate practice; knowledge of substantive law, persuasiveness and advocacy skills, and analysis of the case and theories and procedural avenues available to obtain a satisfactory result for their client, factors that are identified in *Norman*, 836 F.2d at 1300-01.  *Id.*

Mr. McPhillips and Mr. Sawyer's claimed hourly rates are higher than the prevailing rates used in the last several years.  Moreover, while this is the Southern District of Alabama, the Northern Division (Selma) is also geographically closer to the Montgomery, Alabama (Middle District of Alabama).  Therefore, the Court looks to both locations for a starting point on appropriate rate.  *See Gartman v. Brady*, Civ. Act. No. 2:18cv534-MHT, 2022 U.S. Dist. LEXIS 158125, at *20, *22-*24, 2022 WL 4000349, at *6-*7 (M.D. Ala. Sept. 1, 2022) (finding reasonable a requested hourly rate of $450 for an attorney who had thirty (30) years of experience and had litigated a substantial number of 42 U.S.C. § 1983 cases); *Sunbelt Rentals, Inc. v. Polycon United States LLC*, Civ. Act. No. 20-CV-182-CG-MU, 2022 U.S. Dist. LEXIS 201859, at *6-*8, 2022 WL 16645759, at *3 (S.D. Ala. Apr. 25, 2022) (finding unreasonable a requested hourly rate of $405 for an attorney who had twenty (20) years of experience and was a partner with this firm and instead awarding an hourly rate of $300); *Nicholson v. RB2, LLC*, Civ. Act. No. 1:19-cv-344-TFM-N, 2021 U.S. Dist. LEXIS 45479, at *15-*17, 2021 WL 895602, at *4-6 (S.D. Ala. Mar. 9, 2021) (finding in an employment discrimination case a requested hourly rate of $425 unreasonable for a partner with over thirty (30) years of experience and instead awarding an hourly rate of $325);

*Stevens v. Mobile Cnty. Bd. of Sch. Comm'rs*, Civ. Act. No. 1:18-cv-350-KD-B, 2020 U.S. Dist. LEXIS 68831, at *16-17, 2020 WL 1921557, at *6 (S.D. Ala. Apr. 20, 2020) (awarding attorney with approximately thirty-five years of experience an hourly rate of $350).

Recognizing that inflation has led to increases in all facets of society – to include attorneys' prevailing rates, the Court deems it appropriate to shift upward from those recent awards. With all of the above in mind and in consideration of the *Johnson* factors, the Court finds an hourly rate of $400 to be reasonable for both Mr. McPhillips and Mr. Sawyer.

### b. Ms. Strickland's Hourly Rate

Plaintiffs request an hourly rate of $125 for Ms. Strickland. Doc. 215. Both Mr. McPhillips and Mr. Sawyer state Ms. Strickland has served as a paralegal for twenty-seven (27) years; "has substantial knowledge of preparing discrimination cases for filing, and assisting throughout discovery, dispositive emotions and trial;" "has attended multiple trial in federal court and provided support to different attorneys during these trials;" "has knowledge of complex legal theories, such as attorney-client privilege, and frequently drafts response to opposing counsel's motions and other correspondence;" and currently "performs research, assists in preparing drafts for motions, drats and responds to discovery, coordinates with clients, schedules depositions and issues notices, and calendars deadlines." Doc. 215-1 at 5; Doc. 215-2 at 5.

In additional support of Ms. Strickland's claimed hourly rate, Mr. Estes, Mr. Gill, Mr. McPhillips, and Mr. Sawyer submitted affidavits. Doc. 215-1; Doc. 215-2; Doc. 215-5; Doc. 215-6.

"Absent a showing that a paralegal possesses some extraordinary qualification or expertise, the lodestar hourly rate of $75 is routinely awarded in this district." *Cormier*, 2013 U.S. Dist. LEXIS 173659, at *9-10, 2013 WL 6499703, at *3 (citations and internal quotation marks

omitted). However, "a court should hesitate to give controlling weight to prior awards, even though they may be relevant." *Dillard*, 213 F.3d at 1354-55. This is especially true because the *Cormier* cases was decided twelve (12) years ago. In consideration of Ms. Strickland's lengthy experience as a paralegal and type of work she has performed in that position, the Court finds the requested rate of $125 to be reasonable.

    **3.**    **Lodestar Calculation**

|  | Adjusted Hourly Rate | Adjusted Hours | Amount (Rounded to the Nearest Cent) |
|---|---|---|---|
| Mr. McPhillips | $400 | 256.995 | $102,798.00 |
| Mr. Sawyer | $400 | 434.745 | $173,898.00 |
| Ms. Strickland | $125 | 9.9 | $1,237.50 |
| **Total** |  |  | **$277,933.50** |

After making the appropriate adjustments to the reasonable hourly rates and the hours that were reasonably expended for Mr. McPhillips, Mr. Sawyer, and Ms. Strickland, the Court finds the lodestar is $277,933.50.

    **4.**    **Adjustments to the Lodestar**

While the Supreme Court has made clear that "[t]he product of reasonable hours times a reasonable rate does not end the inquiry[,]" *Hensley,* 461 U.S. at 434, this Court does bear in mind that "there is a strong presumption that the lodestar is the reasonable sum the attorneys deserve." *Bivins,* 548 F.3d at 1350 (citations and quotations omitted). "When the number of compensable hours and the hourly rate are reasonable, a downward adjustment to the lodestar is merited only if the prevailing party was partially successful in its efforts." *Id.* at 1350-51 (citation omitted). Here, Plaintiffs were successful as to all of their claims that they presented to the jury at trial, and while

the Court granted judgment as a matter of law in the City's favor as to Plaintiffs' breach of contract claims, ultimately that decision did not impact the jury's verdict awards. Therefore, a downward adjustment to the lodestar is not warranted.

**B.     Costs**

Plaintiffs request their counsel's expenses for this matter in the amount of $8,012.23 be reimbursed, which amount is comprised of meals during trial ($225.00), mileage for travel to court proceedings ($1231.60), hotel stays during trial ($550.00), and postage and photocopying ($1,773.63). Plaintiffs' counsel's expenses are described in Mr. Sawyer's affidavit and further accounted for in an "Account Summary," both of which were filed in support of the motion for attorney's fees and costs. *See* Doc. 215-2 at 6-9; Doc. 215-9.

The City does not specifically contest Plaintiffs' claimed expenses for meals during trial, mileage for travel to court proceedings, or hotel stays during trial. Doc. 218 at 17-18. However, the City argues Plaintiffs' claimed expenses for postage and copies are not sufficiently described for the Court to determine whether such costs were necessary or reasonably incurred, and therefore, the Court should not assess those costs against the City. *Id.*

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party." "[W]ith the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under section 1988." *See Dowdell v. City of Apopka*, 698 F.2d 1181, 1192 (11th Cir. 1983) (noting out-of-pocket expenses under §1988 and Title VII are more liberal than § 1920 costs). To determine which expenses may properly be included, the court must look to "the attorney-client relationship, the substantive and procedural nature of the

case, and the climate in which the litigation is conducted." *Id*.  When reviewing costs and expenses "the standard for reasonableness is to be given a liberal interpretation."  *NAACP v. City of Evergreen*, 812 F.2d 1332, 1337 (11th Cir. 1987).  "The Eleventh Circuit and district courts in this Circuit uniformly have allowed recovery of such expenses as photocopying, postage, long distance phone calls, necessary travel, and on-line research." *Langford*, 2016 U.S. Dist. LEXIS 126295, at *36, 2016 WL 4976859, at *11 (citations and internal quotation marks omitted).  "[F]ee applicants bear the burden of providing sufficient detail in their records to explain and support their requests for fees and costs."  *Lee v. Krystal Co.*, 918 F. Supp. 2d 1261, 1275 (S.D. Ala. 2013) (quoting *Andrade v. Aerotek, Inc.*, 852 F. Supp.2d 637, 645 (D. Md. 2012)).

The Court finds Plaintiffs' counsel's expenses for meals during trial, mileage for travel to court proceedings, and hotel stays during trial are reasonable since the trial of this matter occurred over a three-day period, counsel's office is in Montgomery, Alabama, and there were numerous in person court and mediation related proceedings in this matter that occurred in Mobile and Selma, Alabama.  Further, the City does not contest these claimed expenses.

Accordingly, Plaintiffs' request for costs for meals during trial, mileage for travel to court proceedings, and hotel stays during trial, which total $2,006.60, be taxed against the City is granted.

However, the Court has identified costs for copying and postage cannot be awarded.  Plaintiffs request their counsel's costs of copying and postage be assessed against the City.  Doc. 215 at 7.  Plaintiffs' counsel's "Account Summary" includes numerous entries for copies at a rate of $0.25 per copy, according to Mr. Sawyer's affidavit, and for postage.  *See* Doc. 215-2 at 8; Doc. 215-9.  The descriptions for copies and postage are limited to "McPhillips Shinbaum - copies," "McPhillips Shinbaum - postage," "McPhillips Shinbaum - copies & postage," and "McPhillips

Shinbaum – postage & copies." *See* Doc. 215-9.

> In determining whether to award copying costs, "the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." [*U.S. EEOC v.*] *W&O Inc.*, 213 F.3d [300,] 623 [(11th Cir. 2000)]. It is not necessary that the photocopies be used at trial or be filed with the court to be taxable. *Id.* Charges for photocopies made merely for the convenience of counsel or the parties, however, are not taxable. *Blevins v. Heilig-Meyers Corp.*, 184 F.R.D. 663, 668 (M.D. Ala. 1999).

*Galbreath v. Hale County, Ala. Comm'n*, Civ. Act. No. 15-308-CG-N, 2017 U.S. Dist. LEXIS 132019, at *37, 2017 WL 3584920, at *12 (S.D. Ala. Aug. 17, 2017)

While Mr. Sawyer states copies that are produced at his firm are recorded in their equipment and those copies noted in the "Account Summary" include copies of court filings, depositions, trial materials, pleadings, discovery, and correspondence, the Court is unable to determine from the entries the nature of the copies and whether the copies were necessary.[3]

As to costs for postage, Mr. Sawyer states his firm uses a postage meter and postage is recorded in a book that is then entered in his firm's billing program monthly. But, again, the Court is unable to determine whether the postage was necessary based on the descriptions that are provided in the "Account Summary."

Accordingly, Plaintiffs' request for copying and postage costs be taxed against the City is denied.

### III. CONCLUSION

Accordingly, the Petition for the Award of Attorney's Fees and Costs Pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 1983 (Doc. 215) is **GRANTED in part and DENIED in part**. The motion is **GRANTED** insofar as Plaintiffs are awarded attorney's fees in the amount of

---

[3] Further, "copy cost awards within this district show that the local rate is more reasonable $0.10 per page." *Galbreath*, 2017 U.S. Dist. LEXIS 132019, at *38, 2017 WL 3584920, at *13.

**$277,933.50**, and costs and expenses in the amount of **$2,006.60**, for a total of **$279,940.10**.  The motion is **DENIED** to the extent Plaintiffs seek additional recovery.

**DONE** and **ORDERED** this 19th day of September 2024.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE
