## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

SHARON HARDY, as personal )
representative of the estate of )
Jeffrey Hardy, *et al.*, )
       )
    Plaintiffs, )
       )
v. )        **CIVIL ACT. NO.  2:21-cv-522-TFM-B**
       )
CITY OF SELMA, )
       )
    Defendant. )

### MEMORANDUM OPINION AND ORDER

Pending before the Court is *Plaintiffs' Motion to Amend Final Judgment and Award Supplemental Back Pay* (Doc. 233, filed October 16, 2024).  Plaintiffs Toriano Neely and Kendall Thomas motion the Court, pursuant to Fed. R. Civ. P. 59(e), amend its Final Judgment and award them supplemental back pay.  *Id.*  Having considered the motion, responses (Docs. 234, 236), reply (Doc. 237), and relevant law, the motion is **GRANTED** as discussed in this opinion.

The parties disagree as to how to calculate prejudgment interest in this matter based on the Final Judgment and the Court must clarify the methodology to be applied.  The Court finds an annuity formula should be used to calculate prejudgment interest in this matter based on a pro rata monthly rate of the jury's backpay award, which covered a period of sixty-three (63) months.

### I.      FACTUAL AND PROCEDURAL BACKGROUND

The factual and procedural background of this matter was initially summarized in the Court's June 9, 2023 Memorandum Opinion and Order then updated in the August 23, 2024 Memorandum Opinion and Order.  Doc. 126, 221.

The jury rendered its verdict on August 31, 2023.  Doc. 208.  After the jury verdict was

returned, Plaintiffs filed numerous post-trial motions, including Plaintiffs' Motion for Equitable Relief: Reinstatement or Front Pay (Doc. 193), Plaintiffs' Motion for Prejudgment Interest (Doc. 197), and Plaintiffs' Motion for Equitable Relief Annual Leave, Sick Leave and Retirement (Doc. 198). The Court entered a text order on October 13, 2023, for the parties to submit any remaining post-verdict motions by October 23, 2023, and set a deadline for any opposing party to respond to any such motions that may be filed. Doc. 199. On the deadline date for post-verdict motions, Defendant's Notice of Reservation and Request for Extension of Time to Submit Post-Judgment Motions was filed in which Defendant City of Selma ("Defendant" or "the City") requested an extension of time to file post-verdict motions since its pre-verdict motion for judgment as a matter of law was pending. Doc. 201.

On the same date, Plaintiffs filed a suggestion of death for Plaintiff Jeffrey Hardy and a Motion for Substitution accordingly followed. Docs. 200, 209. The procedural background for the motion to substitute is detailed in the Court's August 22, 2024 Memorandum Opinion and Order. Doc. 20.

On October 27, 2023, Plaintiffs' Motion for Leave to File Motion for Attorney's Fees was filed. Doc. 205.

On January 30, 2024, at a video teleconference with the parties, the Court orally denied Defendant's motion for judgment as a matter of law and informed the parties a written order would follow. Doc. 212.

On January 30, 2024, Plaintiffs' Amended Motion for Prejudgment Interest was filed. Doc. 213. On February 7, 2024, the Court granted in part Defendant's motion for extension of time, set a briefing schedule for the post-verdict motions, and granted Plaintiffs' motion for leave to file their motion for attorney's fees and set a response date to the motion. Doc. 214. On February 27,

2024, Plaintiffs filed their Petition for the Award of Attorney's Fees and Costs Pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 1983.  Doc. 215.

The Court entered final judgment (Doc. 225), pursuant to Fed. R. Civ. P. 58, on September 19, 2024, in accordance with numerous memorandum opinions and orders that were entered in this matter (Docs. 71, 126, 221, 223, 224) as well as the jury verdict (Doc. 208).  The final judgment, among other things, awarded Plaintiffs Toriano Neely ("Neely") and Kendall Thomas ("Thomas") "prejudgment interest at a rate of six percent (6%), compounded quarterly, for the period from November 2, 2018, through the entry of [the final judgment.]"  Doc. 225.

On September 30, 2024, Defendant City of Selma ("the City") filed its supplemental prejudgment interest calculations as well as a corrected version of the same.  Docs. 226, 227.  On October 1, 2024, Neely and Thomas filed their supplemental prejudgment interest calculations.  Doc. 228.  The Court set this matter for a telephonic hearing that was held on October 2, 2024, to discuss the calculations.  Doc. 229.  At the hearing, the Court granted the parties time to settle the prejudgment interest issue.  Doc. 230.  The parties timely filed a notice to the Court that stated they could not agree to a prejudgment interest calculation.  Doc. 232.

The instant motion to amend final judgment was filed on October 16, 2024, for which the Court entered a briefing schedule, and the parties filed a response and reply to the motion.  Docs. 232, 233, 234, 236, 237.  The motion is ripe for review based on the briefing and oral argument.

## II.    STANDARD OF REVIEW

"The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact."  *United States v. Marion*, 562 F.3d 1330, 1335 (11th Cir. 2009) (per curiam) (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam), *cert. denied*, 552 U.S. 1040, 128 S. Ct. 660, 169 L. Ed. 2d 511 (2007)).  "[A] Rule 59(e) motion [cannot

be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur*, 500 F.3d at 1343 (quoting *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005)).

### III.  DISCUSSION AND ANALYSIS

The Court will address the two (2) outstanding issues in this matter: first, how to calculate prejudgment interest based on the final judgment then, second, the motion to amend final judgment.

### A.  Prejudgment Interest

Neely and Thomas argue the prejudgment interest prescribed in the Court's final judgment should be applied to the jury's total back pay award and, therefore, they argue Neely is entitled to $30,958.19 in prejudgment interest and Thomas is entitled to $61,916.39, based on their calculations.  Doc. 228.

The City argues prejudgment interest should be calculated based on how Neely and Thomas would have normally received their pay, which was in monthly installments, and therefore, they argue Neely is entitled to $15,492,26 in prejudgment interest and Thomas is entitled to $30,985.91, based on the calculations of a retained Certified Public Accountant.  Doc. 227; *see* Doc. 227-1.  The City argues the method that they advocate is consistent with the opinion in *Galbreath v. Hale County*, Civ. Act. No. 15-308-CG-N, 2017 U.S. Dist. LEXIS 224767, 2017 WL 11444386 (S.D. Ala. Aug. 14, 2017).

"[A]wards of prejudgment interest are equitable remedies, to be awarded or not awarded in the district court's sound discretion."  *Indus. Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434, 1446 (11th Cir. 1998) (citations omitted).  "Prejudgment interest serves to compensate for the loss of use of money due as damages from the time the claim accrues until

judgment is entered, thereby achieving full compensation for the injury those damages are intended to redress." *West Virginia v. United States*, 479 U.S. 305, 310 n.2 (1987) (citing *Prejudgment Interest: Survey and Suggestion*, 77 Nw. U. L. Rev. 192 (1982)). The award of prejudgment interest for a successful claim that is brought pursuant to 42 U.S.C. § 1983 is consistent with such a claim's purpose "to compensate persons for injuries that are caused by the deprivation of constitutional rights." *Carey*, 435 U.S. at 254.

In this case, the Court agrees with the City's argument that prejudgment interest should be applied to Neely and Thomas's salary payments as they would have been received, which is monthly, and as described in *Galbreath*, which applied an ordinary annuity formula. *See Galbreath*, 2017 U.S. Dist. LEXIS 224767 at *9 n.4, 2017 WL 11444386 at *3 n.4.

The Court notes the annuity calculations that the City submits assumes the jury's backpay awards to Neely and Thomas extends to the date when the Court entered final judgment in this matter, September 19, 2024. *See* Doc. 227-1. However, the jury's award extends only to when they rendered their verdict, August 31, 2023, and any additional backpay award for the period from after the jury rendered its verdict and when the Court entered final judgment would be calculated based on a pro rata rate of the jury's backpay award, which is discussed below. Therefore, the parties should not rely on the City's prejudgment interest calculations that it submitted.

## B.    Motion to Amend Final Judgment

Neely and Thomas argue they continue to suffer lost income, backpay, and benefits since the jury verdict was returned and when the Court entered final judgment in this matter, a period of fifty-five (55) weeks. Doc. 233 at 1-2. Neely and Thomas argue, they should be compensated for the intervening time between the jury verdict and final judgment at a weekly rate that is based on the jury's verdict awards. *Id.* at 2-3.

In response, the City argues Neely and Thomas's motion is untimely, based on the Court's October 13, 2023 Order in which it set a deadline for the parties to file any post-judgment motions. Doc. 236 at 1. Further, the City argues, even if the motion to amend final judgment is found to be timely, it is due to be denied because the jury did not award either Neely or Thomas the full amount of claimed back pay and they had a duty to mitigate their claimed damages. *Id.* at 2. The City argues both Neely and Thomas were invited to return to work with the Selma Police Department and since the Court entered final judgment, the City has communicated with their attorney to facilitate their return to work in accordance with the final judgment but neither Nelly nor Thomas have done so. *Id.* Finally, the City argues even if Neely and Thomas are entitled to supplemental back pay for the time claimed, the award should be offset by any earnings from the relevant period, which Neely and Thomas fail to address in their motion, and therefore, without such earnings information, any supplemental award would be speculative. *Id.* at 2-3.

The Court notes Neely and Thomas's motion to amend final judgment was timely filed since it was filed within twenty-eight (28) days of the Court's entry of final judgment as prescribed by Fed. R. Civ. P. 59(e). *See* Docs. 225, 233. The issue raised by Neely and Thomas in their instant motion, however, could have been raised before judgment was entered in this matter when the Court set a deadline for the parties to file their post-verdict motions.

Nonetheless, the Eleventh Circuit has held "a backpay award should extend to the date of judgment," *Billingsley v. Jefferson County*, 953 F.2d 1351, 1355 n.4 (11th Cir. 1992), and to not do so is "contrary to the 'make whole' purpose of Title VII, and therefore constitutes error," *Nord v. U.S. Steel Corp.*, 758 F.2d 1462, 1473 (11th Cir. 1985) (citations omitted). Since Neely and Thomas were awarded backpay only to when the jury verdict was rendered and not to when final judgment was entered by the Court, such is an error of law and is ground by which to amend the

final judgment in this matter.

While the City argues if the jury's backpay award is extended to the entry of final judgment, the Court should consider damage mitigation factors, as the jury did when it rendered its verdict, such is not the methodology that has been applied by other courts in the Eleventh Circuit. *See* Doc 236 at 2-3. In *Carl v. Fulton County*, Civ. Act. No. 1:07-CV-1812-AJB, 2013 U.S. Dist. LEXIS 206731, 2013 WL 12357465 (N.D. Ga. Mar. 31, 2013), the District Court acknowledged a backpay award to a successful plaintiff should include the time from when the jury's verdict is rendered to when final judgment is entered and be calculated on a pro rata basis. 2013 U.S. Dist. LEXIS 206731, at *22-*23, 2013 WL 12357465, at *8 (citing *Banks v. Travelers Cos.*, 180 F.3d 358, 364 (2d Cir. 1999) ("In calculating its back pay award, the jury will obviously not be able to anticipate the date on which judgment will enter. Accordingly, any lag time between the jury's verdict and the district court's ultimate judgment ordinarily should be remedied by the court, in the form of a pro rata increase of the backpay award.")).

The Court agrees that to extend the backpay award to when final judgment was entered and on a pro rata basis comports with the objective for back pay awards, which is to make the successful plaintiff whole, and respects the jury's findings.

To calculate the pro rata rate, the Court must consider the jury's backpay awards to Neely ($75,000) and Thomas ($150,000) and the time covered by those awards (252 weeks, or 63 months, between November 2, 2018, and August 31, 2023). In the motion, Neely and Thomas represent the time between when they were placed on administrative leave without pay and when the jury rendered its verdict is 251 weeks, but the Court's independent calculation confirms it is 252 weeks, which includes the first and last days of that period. Based on those figures, the pro rata rate for

Neely's backpay award is $297.62 per week[1] and $595.24 per week[2] for Thomas's award. Applying those rates to the amount of time between when the jury rendered its verdict and when final judgment was entered in this matter (55 weeks, or 13.75 months, between August 31, 2023, and September 19, 2024, which does not include the day when the jury rendered its verdict), yields an additional backpay award of $16,369.05[3] for Neely and $32,738.10[4] for Thomas.

## IV.    CONCLUSION

Accordingly, the Court's final judgment (Doc. 225) is **AMENDED** to reflect an annuity formula should be used to calculate prejudgment interest in this matter based on a pro rata monthly rate of the jury's backpay award, which covered a period of sixty-three (63) months.

Further, the motion to amend final judgment (Doc. 233) is **GRANTED** as to Plaintiffs' substantive request to award backpay for the period after the jury rendered its verdict to when final judgment was entered in this matter, and the Court's final judgment (Doc. 225) is **AMENDED** to reflect an increase in the backpay award to Plaintiff Toriano Neely of $16,369.05 and an increase in the backpay award to Plaintiff Kendall Thomas of $32,738.10.  The motion to amend (Doc. 233) is, otherwise, **DENIED** as to the specific dollar amounts that were requested by Plaintiffs in the motion.

---

[1] The Court rounds this pro rata rate to the nearest cent for the purposes of this Memorandum Opinion and Order but includes the actual calculation to the tenth decimal in this footnote, which is $297.6190476190 and will be used in the final backpay calculation.

[2] The Court rounds this pro rata rate to the nearest cent for the purposes of this Memorandum Opinion and Order but includes the actual calculation to the tenth decimal in this footnote, which is $595.2380952380 and will be used in the final backpay calculation.

[3] The Court rounds this backpay calculation to the nearest cent.

[4] The Court rounds this backpay calculation to the nearest cent.

The Court will concurrently enter a separate amended final judgment in this matter that is consistent with this Memorandum Opinion and Order.

**DONE** and **ORDERED** this 18th day of December 2024.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE