IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **SHARON HARDY**, as personal representative of the estate of Jeffrey Hardy, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>**CITY OF SELMA**,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)    CIVIL ACT. NO.  2:21-cv-522-TFM-B<br>)<br>)<br>)<br>)<br>) |

## AMENDED FINAL JUDGMENT

It is hereby **ORDERED**:

(1) In accordance with the Memorandum Opinion and Order that was entered in this matter on August 23, 2024 (Doc. 221), **JUDGMENT** is hereby **ENTERED** in favor of Defendant City of Selma and against Plaintiffs Sharon Hardy, as personal representative of the estate of Jeffrey Hardy; Toriano Neely; and Kendall Thomas as to their claims for breach of contract (Count 4).

(2) In accordance with the verdict of the jury (Doc. 208) that was entered in this matter, as modified by the Court's August 23, 2024 Memorandum Opinion and Order (Doc. 221), **JUDGMENT** is hereby **ENTERED** in favor of Plaintiffs Sharon Hardy, as personal representative of the estate of Jeffrey Hardy; Toriano Neely; and Kendall Thomas and against Defendant City of Selma as to the plaintiffs' claims for violation of their procedural due process rights, pursuant to 42 U.S.C. § 1983, (Count 1) and wrongful termination (Count 3).  Damages are **AWARDED** as follows:

   (a) Plaintiff Sharon Hardy, as personal representative of the estate of Jeffrey Hardy, is

    awarded **$0.00** for lost income and benefits, and **$250,000.00** for mental anguish and emotional distress.

  (b) Plaintiff Toriano Neely is awarded **$75,000.00** for lost income and benefits, and **$200,000.00** for mental anguish and emotional distress.

  (c) Plaintiff Kendall Thomas is awarded **$150,000.00** for lost income and benefits, and **$200,000.00** for mental anguish and emotional distress.

(3) In accordance with the Memorandum Opinion and Order that was entered in this matter on September 19, 2024 (Doc. 223):

  (a) Plaintiffs Toriano Neely and Kendall Thomas are **GRANTED** the equitable remedy of reinstatement.

  (b) Plaintiffs Toriano Neely and Kendall Thomas are **AWARDED** prejudgment interest at a rate of six percent (6%), compounded quarterly, for the period from November 2, 2018, through the entry of this Final Judgment. An annuity formula should be used to calculate prejudgment interest and a pro rata monthly rate of the jury's backpay award applied.

(4) In accordance with the Memorandum Opinion and Order that was entered in this matter on September 19, 2024 (Doc. 223) :

  (a) Plaintiffs Sharon Hardy, as personal representative of the estate of Jeffrey Hardy; Toriano Neely; and Kendall Thomas are **AWARDED** attorney's fees in the amount of **$277,933.50**, and costs and expenses in the amount of **$2,006.60**, for a total of **$279,940.10**.

(5) In accordance with the Memorandum Opinion and Order that was entered in this matter on December 18, 2024 (Doc. 238):

  (a)  Plaintiff Toriano Neely is **AWARDED** additional backpay in the amount of **$16,369.05**.

  (b)  Plaintiff Kendall Thomas are **AWARDED** additional backpay in the amount of **$32,738.10**.

The **CLERK OF COURT** is **DIRECTED** to enter this document on the civil docket as a Final Judgment pursuant to Fed. R. Civ. P. 58.

**DONE** and **ORDERED** this 18th day of December 2024.

          /s/ Terry F. Moorer
          TERRY F. MOORER
          UNITED STATES DISTRICT JUDGE